

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2007

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4878

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lin v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1737.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1737

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4878

———

JIA YAN LIN

Appellant,

v.

ATTORNEY GENERAL OF THE UNITED STATES,,

Appellee.

———

On Petition for Review of an Order of the Board of Immigration Appeals
(BIA No. A77-997-644)

———

Submitted Under Third Circuit LAR 34.1(a),
November 28, 2006

Before: FUENTES and GARTH, Circuit Judges, and POLLAK,[*] District Judge

(Filed January 26, 2007 )

———

OPINION OF THE COURT

———

_____

[*] The Honorable Louis H. Pollak, Senior Judge, United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

POLLAK, District Judge

Jia Yan Lin petitions for review of a Board of Immigration Appeals (BIA) decision adopting and affirming an Immigration Judge's denial of Lin's applications for asylum and withholding of removal. We will deny Lin's petition for review.

I.      **Background**

Because we write primarily for the parties, we summarize only the essential facts. Lin, a native and citizen of the People's Republic of China, entered the United States on February 13, 2002 by means of a passport that did not belong to him. Lin was detained upon entry and, pursuant to section 1225 of the Immigration and Nationality Act (INA),[1] submitted a sworn statement declaring that he left China because he feared that the government would arrest him for having gotten his girlfriend pregnant. In that same statement, Lin also declared that, if he were removed from the United States and returned to China, the government would put him in jail and force his girlfriend to have an abortion. Lin subsequently submitted a formal application for asylum that included an affidavit in which he provided further details about the basis for his claims.[2]

_____

[1] Codified at 8 U.S.C. § 1001, et seq.

[2] The record does not reveal the exact date on which this application was submitted. While the form itself is dated March 28, 2001, this is clearly not correct because, as all parties agree, Lin did not enter the United States until February 2002. Nor does the date of March 28, 2002 seem correct since Lin's first removal hearing took place in California on March 27, 2002 but the application was apparently prepared by a Philadelphia attorney. However, the application was definitely prepared before March

2

At his merits hearing before the Immigration Judge (IJ), held on April 30, 2004, Lin testified that he became romantically involved with a woman from his village in January 2001 but was unable to marry her because they were both below the legal age of marriage at the time. According to Lin, doctors at the local hospital discovered that his girlfriend was pregnant in April 2001. Shortly thereafter, family planning officials came to his parents' house and threatened to arrest him unless he brought his girlfriend in for an abortion. To evade these officials, Lin and his girlfriend went into hiding until July 2001, when Lin decided to leave China. Lin further testified that, after being released from immigration custody in April 2002, he learned that family planning officials had forced his girlfriend to have an abortion on September 14, 2001. He claimed that, if he were removed from the United States and returned to China, he would be subject to incarceration and fines because he had not taken his girlfriend for an abortion when originally ordered to do so.

In addition to his testimony, Lin presented the IJ with a notarized copy of his birth certificate, resident identification cards for Lin and his girlfriend, household registration documents for Lin's family, an abortion certificate for Lin's girlfriend, and copies of letters from Lin's father and Lin's girlfriend. The IJ, considering these submissions, found that Lin had failed to provide credible evidence in support of his applications for

_____

28, 2003, given that Lin presented it to the IJ at his calendar hearing, held on January 29, 2003.

3

asylum and withholding of removal, and accordingly denied his petitions for relief.  The

BIA adopted and affirmed the IJ's decision.  Lin now appeals to this court.  We review

the BIA's decision pursuant to 8 U.S.C. § 1252(a)(1).  Because the BIA substantially

relied upon the adverse credibility finding of the IJ, we also review the decision of the IJ.

 See also Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004).


II.    Analysis

We review adverse credibility determinations for substantial evidence. Gao v.

Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).  Under this standard, we will uphold the

adverse credibility determinations made by the IJ and BIA unless "any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The BIA determined that the IJ's adverse credibility determination was not clearly

erroneous on the basis of "discrepancies in the record involv[ing] the legal marrying age

in China, when [Lin] met his girlfriend, when [Lin] stopped attending school, and the

date of his girlfriend's alleged forced abortion."  We conclude that, in view of certain of

these discrepancies,[3] a reasonable adjudicator could well find that Lin was not a credible

_____

[3] We do not consider the finding that Lin's testimony about the minimum age of
marriage in China lacked credibility.  The Department of State's country conditions report
stated that the minimum age for marriage in China was 22 for males and 20 for females
but qualified this statement with the observation that "in some localities the ages [of
marriage] are set higher."  Lin testified that the marriage age in his village was 22 for men
and 24 for women.  The IJ, explaining the reason for his adverse credibility
determination, stated that "a reasonable interpretation of [the State Department's report]

4

witness.  For instance, at his hearing before the IJ, Lin stated that he and his girlfriend had been classmates at school since the age of ten, had continued to be in school together until December 2000, and had begun a romantic relationship in January 2001.  However, in his application for asylum, Lin stated that he had attended school only from 1990 to 1995 and had met his girlfriend in 2001.  The IJ also noted that Lin had not provided a consistent account as to when his girlfriend had been forced to have an abortion and when he had learned about this incident.  Lin stated at the hearing that, although the abortion occurred on September 14, 2001, he had not mentioned it in his application for asylum because he did not learn about it until April 1, 2002, when he called home after being released from immigration custody.  Leaving aside the problem of when Lin's application was actually submitted, see supra note 2, a reasonable adjudicator could well find that the documents submitted by Lin undermine rather than corroborate Lin's testimony.  For example, the letter submitted by Lin's girlfriend states that the abortion occurred on September 15, 2002 rather than September 14, 2001.

This court has previously determined that inconsistencies involving the "heart of the asylum claim" constitute an adequate basis for an adverse credibility finding. Gao, 299 F.3d at 272.  Because the above-described inconsistencies are not minor, but rather

---

although there's nothing definitive in this record is that perhaps the ages for both men and women would be set higher with men generally being required to be somewhat older than women."  As we have previously noted, conjecture and speculation are not an adequate grounds for an adverse credibility finding.  Gao, 299 F.3d at 272.  We therefore exclude this finding from our analysis.

go to the "heart" of Lin's asylum claim, id., we hold that the BIA and IJ's adverse credibility determinations were supported by substantial evidence.[4]

## III. Conclusion

For the reasons stated above, we deny Jia Yan Lin's petition for review.

---

[4] Even if Lin's testimony were credible, he would not be eligible for relief because, under the IJ's interpretation of the case law, which has been adopted by the BIA, only spouses of women subjected to family planning policies—not their boyfriends—are eligible. Lin does not appeal this determination.