**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4335
_____

JIA YING LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-997-644)
Immigration Judge: Charles Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011
Before:  MCKEE, Chief Judge, SMITH and GARTH, Circuit Judges

(Opinion filed: April 1, 2011)
_____

OPINION
_____

PER CURIAM

Jia Ying Lin is a Chinese citizen from Fujian province who attempted to

unlawfully enter the United States with a fake Taiwanese passport.  Lin was charged with

removability under INA §§ 212(a)(6)(C)(i) and 212(a)(7)(A)(i)(I), and placed in removal

proceedings. An Immigration Judge sitting in York, Pennsylvania denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture. On October 5, 2005, the Immigration Judge's decision was affirmed by the Board of Immigration Appeals (BIA), and Lin was ordered to be removed to China. We denied Lin's petition for review. See Lin v. Att'y Gen., 214 F. App'x 237 (3d Cir. 2007).

Over four years after the BIA issued its decision, Lin filed a motion to reopen removal proceedings. In that motion, Lin argued that his "personal circumstances as well as country conditions in China have changed greatly since the Immigration Judge issued the Order of Removal." Specifically, Lin described his recent political activism in the United States: he joined the "Federation for a Democratic China" (FDC), wrote articles for the FDC, participated in FDC-sponsored protests, and "distributed propaganda to promote the FDC." Lin stated that "Chinese authorities have discovered [his] membership and involvement with the FDC in the United States, and have expressed their desire to arrest him."

In an October 15, 2010 decision, the BIA denied Lin's motion. The BIA determined that the motion was untimely, and that Lin "has not demonstrated that he is subject to any of the exceptions to the limitations on motions to reopen." Specifically, the BIA determined that Lin's FDC activities "are tantamount to a change in personal circumstances and do not constitute 'changed country conditions arising in the country of nationality.'" In addition, the BIA stated that Lin "does not meaningfully identify how [the evidence submitted] reflects 'changed' conditions in China regarding the treatment

2

of political dissidents, political organizations, or other similarly situated." The BIA also declined to exercise its sua sponte reopening authority. This petition for review followed.[1]

The BIA did not abuse its discretion by denying Lin's motion to reopen removal proceedings. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (providing standard of review). To begin with, there is no question that Lin's motion to reopen was untimely filed. See 8 C.F.R. § 1003.2(c)(2). We also conclude that Lin has not shown "changed circumstances" in China, as an exception to § 1003.2(c)(2), for substantially the reasons given in the BIA's decision. See also Liu v. Att'y Gen., 555 F.3d 145, 151 (3d Cir. 2009) (alien who illegally remains in the United States following an order of removal cannot file successive asylum application based on change in personal circumstances unless accompanied by motion to reopen based on changed country conditions). Finally, Lin does not dispute that we lack jurisdiction to review the BIA's refusal to reopen proceedings sua sponte. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

Accordingly, the petition for review will be denied.

---

[1] We have jurisdiction under 8 U.S.C. § 1252. Kucana v. Holder, --- U.S. ---, 130 S. Ct. 827, 840 (2010).