

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2007

# Hong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5093

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hong v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1596.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1596

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-5093

XIU CAI HONG,

Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of a Final Order
Board of Immigrations Appeals
BIA No. A73 642 356

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 15, 2007

Before: SMITH and FISHER, *Circuit Judges*,
and DOWD, *District Judge**

(Filed: February 20, 2007)

OPINION

SMITH, *Circuit Judge*.

---

*The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

1

Xiu Cai Hong petitions for review of the denial by the Board of Immigration Appeals (BIA) of his second motion to reopen his immigration proceeding.[1]  We review any findings of fact for substantial evidence and the ultimate denial for an abuse of discretion.  *See Korytnyuk v. Ashcroft*, 396 F.3d 272, 280 (3d Cir. 2005).  An abuse of discretion will be found if the denial of a motion to reopen "is arbitrary, irrational, or contrary to law."  *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006).   Motions to reopen are generally disfavored.  *Abudu v. INS*, 485 U.S. 94, 107 (1988).

Hong is a native and citizen of the People's Republic of China (PRC).  Hong fled China in 1991, eventually entering the United States in April 1994.  He filed a timely application in November 1994, seeking political asylum and withholding of removal.  Hong alleged persecution on the basis of his involvement in a 1989 student democracy movement, and his opposition to the fact that his girlfriend was forced to abort their child in order to comply with the  PRC's coercive population control program.  The INS denied the application, issued an Order to Show Cause and Notice of Hearing in May 1995, and referred the matter to an Immigration Judge (IJ).  In March 1996, an IJ denied Hong's application for relief and made an adverse credibility determination, finding that Hong's

---

[1]The BIA exercised authority to review Hong's motion to reopen pursuant to 8 C.F.R. § 1003.2(a).  We have jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1252(a).  *See Sevoian v. Ashcroft*, 290 F.3d 166, 171 (3d Cir. 2002) (observing that the denial of a motion to reopen is a final order of removal for purposes of § 1252).

testimony "was lacking in credibility to an extremely large extent."[2]  Two years later, the BIA affirmed the IJ's denial of asylum and withholding of removal.  Hong did not petition for review of the BIA's decision.

In June of 1999, Hong filed his first motion to reopen, seeking to apply for protection under the Convention Against Torture (CAT).  The BIA denied the motion in October of 1999.  Hong did not petition for review of this decision either.

Almost six years later, in August 2005, Hong filed a second motion to reopen with the BIA.  He alleged that the time and numeric limitations did not apply because there had been a change in the country conditions of the PRC.  Hong cited the fact that he and his wife[3] had had two children and were preparing for the birth of a third child.  He alleged that the PRC's People's Family Planning Law (PFPL) had been enacted in late 2002 and was being implemented in his hometown.  As a result, Hong asserted that if he were returned to the PRC, he would be in violation of the PFPL and would be subjected to sterilization.

The BIA denied this second motion to reopen in October 2005 as untimely and numerically barred under 8 C.F.R. § 1003.2(c)(2).  The BIA recognized that there was an exception to the time and numeric limitations "based on changed circumstances arising in

---

[2]Hong had, through counsel and at an earlier appearance before the IJ, conceded deportability.  During this December 1995 hearing, Hong renewed his application for asylum and withholding of deportation and requested, in the alternative, voluntary departure.

[3]Hong met his wife in the United States.

3

the country of nationality," *see* 8 C.F.R. § 1003.2(c)(3)(ii), but it concluded that Hong

failed to demonstrate such a change. The BIA explained that the birth of Hong's children

did not satisfy the exception as this constituted a change in Hong's personal

circumstances in the United States and not a change of circumstances arising in the PRC.

The fact that the PFPL had been enacted in 2002 did not qualify as a change in

circumstances, according to the BIA, because the PFPL specifically provided that it

maintained the PRC's current fertility policy advocating population control measures.

The BIA also declined to grant Hong's motion to reopen *sua sponte*, pointing out that

Hong's case did not present exceptional circumstances warranting such relief.

This petition for review followed. Hong does not dispute that his second motion to

reopen is untimely and numerically barred. These limitations are inapplicable, according

to Hong, because of the exception contained in 8 C.F.R. § 1003.2(c)(3)(ii) where the alien

has demonstrated a change of circumstances in the alien's native country. Hong contends

that he satisfied this exception by citing the enactment of the PRC's PFPL and the efforts

to enforce this law in his hometown.[4]

---

[4]Hong does not take issue with the BIA's determination that the birth of his
two children in the United States is only a change in his personal circumstances
that does not qualify as a change in circumstances in his native country for
purposes of 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, we need not review this
aspect of the BIA's decision.

In addition, Hong wisely does not challenge the BIA's refusal to *sua sponte*
grant his motion to reopen. *See Calle-Vujiles v. Ashcroft*, 320 F.3d 472 (3d Cir.
2003) (concluding that we lack jurisdiction to review a denial by BIA to *sua sponte*
grant a motion to reopen under 8 C.F.R. § 1003.2(a)).

We find no error in the BIA's analysis. It explained that the PFPL did not constitute a significant change in the PRC's population control policy, as this new law was a codification of the PRC's "current fertility policy." As additional support, the BIA cited the fact that the affidavit from Hong's mother confirmed that the one child policy had been in effect since the early 1980s.

We cannot ignore that before the BIA can consider the merits of Hong's motion to reopen, Hong had to demonstrate changed country conditions. 8 C.F.R. § 1003.2(c)(3)(ii); *Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (pointing out that the exception in § 1003.2(c)(3)(ii) requires the petitioner "show changed country conditions in order to exceed the 90-day filing requirement" applicable to a motion to reopen). Because Hong failed to satisfy this prerequisite, the BIA did not err by denying the motion to reopen. We will deny Hong's petition for review.