

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2008

# Nayyar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3269

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Nayyar v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1746.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1746

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3269

CHARAN DASS NAYYAR,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Henry S. Dogin
(No. A71-484-817)

Argued December 11, 2007

Before: SLOVITER and AMBRO, Circuit Judges
RESTANI,* Chief Judge

(Opinion filed January 15, 2008 )

Thomas E. Moseley, Esquire (Argued)
Suite 2600
One Gateway Center
Newark, NJ 07102-0000

---

* Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

Counsel for Petitioner

Peter D. Keisler
    Assistant Attorney General, Civil Division
David V. Bernal
    Assistant Director
Richard M. Evans, Esquire
Patricia A. Smith, Esquire
Russell J.E. Verby, Esquire
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC   20044-0000

Curtis E. Gannon, Equire (Argued)
United States Department of Justice
Appellate Section, Room 5636
950 Pennsylvania Avenue, N.W.
Washington, D.C.   20530

        Counsel for Respondent

_____

OPINION

_____

AMBRO, Circuit Judge

Charan Dass Nayyar petitions for review of an order issued by the Board of Immigration Appeals declining to reopen his removal proceedings *sua sponte*.   We dismiss the petition for lack of jurisdiction.

We highlight only those facts that are pertinent to our analysis.  Nayyar is a native of India who entered the United States illegally in 1992.  He was put into removal

2

proceedings in 1994 and applied for political asylum, withholding of deportation (the word then used, though now called removal[1]), and voluntary departure as an alternative to deportation. After a hearing on the applications, the Immigration Judge found Nayyar's testimony not to be credible, and further found that he had not met his burden for political asylum or withholding of deportation. As such, the IJ denied the application. He did, however, grant Nayyar's application for voluntary departure.

Nayyar appealed the IJ's decision to the BIA, which adopted and affirmed the IJ's decision.[2] In the meantime (October 1997), Nayyar filed a motion to reopen the proceedings. He stated that he had recently become "the beneficiary of an approved [I-140 visa] petition" based on an employment-based preference. As a result of the approved visa petition, Nayyar claimed that he was eligible to file for an adjustment to his immigration status, and that he had filed the requisite forms with the Immigration and Naturalization Service[3] in support of adjusting his status. He attached as exhibits to his

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") eliminated the previous legal distinction between deportation and removal proceedings. *See Alaka v. Att'y Gen.*, 456 F.3d 88, 94 n.7 (3d Cir. 2006). We use the terms interchangeably here.

[2] Nayyar also filed a petition for review of the BIA's decision in our Court. We denied review, in effect affirming that decision in a judgment order. *See Nayyar v. INS*, Civ. No. 97-3478, 156 F.3d 1225 (Table) (May 12, 1998).

[3] On March 1, 2003, the functions of the INS were transferred to the United States Department of Homeland Security ("DHS"). *See Knapik v. Ashcroft*, 384 F.3d 84, 86 n.2 (3d Cir. 2004) (citing Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451 & 471, 116 Stat. 2135, codified at 6 U.S.C. §§ 251, 271 & 291).

3

motion copies of his I-485 application for adjustment of status form and a fee receipt

reflecting that he had paid the $1,130 filing fee to submit his forms to the INS. It is

unclear whether he also attached proof that his I-140 petition had been approved.[4]

In December 1998, the BIA denied Nayyar's motion to reopen. It held that Nayyar

"has failed to provide evidence that his employment-based[]visa petition has been

approved and that, therefore, a visa is immediately available to him. Accordingly, he has

also failed to establish prima facie eligibility as required for such a motion pursuant to

8 C.F.R. [§ 1003.2]."

Seven years later (in 2005), Nayyar, represented by new counsel, filed a second

motion to reopen, arguing that the BIA should reopen the deportation proceedings in an

exercise of its *sua sponte* authority pursuant to 8 C.F.R. § 1003.2 because it had failed to

consider evidence of his approved visa petition in 1998. *See Calle-Vujiles v. Ashcroft*,

320 F.3d 472, 474 (3d Cir. 2003) ("Generally, the BIA is allowed to reopen or reconsider

a case *sua sponte* in 'exceptional situations.'") (quoting *In re J-J-*, 21 I. & N. Dec. 976

(BIA 1997)). The BIA denied the motion in 2006, finding no error in the 1998 decision.

Nayyar then filed a motion seeking reconsideration of the 2006 decision or, in the

---

[4] At the time Nayyar filed his motion to reopen, an alien could not file his or her I-485 until after the I-140 had been approved. Nayyar argues that he submitted proof that he had an approved I-140 in his 1997 motion to reopen, but it is not present in the exhibits to the motion contained in the administrative record. He claims that it must have been lost. Pet. Br. 11–12. A copy of the approved I-140, provided as an exhibit to a subsequent motion, is currently available in the administrative record.

alternative, *sua sponte* reopening of the removal proceedings. The BIA denied the motion for reconsideration because it had been filed out of time. It further found no basis to reopen the removal proceedings under its *sua sponte* authority. Nayyar, again represented by new counsel, then filed this timely petition for review in our Court.

The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.2. We, however, lack jurisdiction to review the BIA's decision not to reopen *sua sponte* because that decision is confined to the unfettered discretion of the BIA. As we have previously held, "[b]ecause the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." *Calle-Vujiles*, 320 F.3d at 475; *see also Cruz v. Att'y Gen*, 452 F.3d 240, 250 (3d Cir. 2006). Nayyar contends that we have jurisdiction to review the BIA's decision not to reopen his proceedings *sua sponte* because the BIA determined that he was ineligible for discretionary relief, rather than finding him eligible for relief but nevertheless declining to reopen in an exercise of its unfettered discretion. *Cf. Cruz*, 452 F.3d at 250 (noting that where the BIA finds a petitioner "ineligible [for reopening] because he failed to establish a prima facie case for *sua sponte* relief. . . . [,] we . . . have jurisdiction to review the BIA's decision [regarding eligibility]."). Here, however, the BIA held in 2006 that there was "no basis to accept the motion under [its] *sua sponte* authority." We read this as a statement that the BIA found

5

no reason to decide for the benefit of Nayyar.[5]  Accordingly, the petition for review is dismissed for want of jurisdiction.

---

[5] While there might have been an argument in 1998 that we could review the BIA's determination that Nayyar was not eligible for reopening *sua sponte*, that argument was not made following the BIA's 1998 decision.  Nearly ten years later, it is far too late to revive that putative contention.