OPINION
PER CURIAM.
Yiu Mang Chen petitions for review of a decision rendered by the Board of Immigration Appeals (“BIA”) denying her motion to reopen. For the reasons that follow, we will deny the petition for review.
I. Background
Petitioner Yiu Mang Chen is a citizen of the People’s Republic of China and a native of the Fujian Province. She entered the United States illegally in March 2002 and was served with a notice to appear. Shortly thereafter, she applied for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”), claiming past persecution and a fear of future persecution based upon China’s coercive family planning policies. Her application was denied.
*358 On May 14, 2008, more than two years after the BIA had last considered her case, Chen filed a motion to reopen and for a stay of removal. In her motion, Chen claimed a fear that she will be forcibly sterilized in China due to the birth of her second child, a United States citizen. On September 30, 2008, the BIA denied relief.
Through counsel, Chen filed a timely petition for review in the Court of Appeals for the Second Circuit. The petition has been transferred to this Court.
II. Analysis
We have jurisdiction over the petition for review pursuant to INA § 242 [8 U.S.C. § 1252], We review the BIA’s findings of fact for substantial evidence and the denial of the motion to reopen for abuse of discretion. See Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir.2002). The BIA’s decision is entitled to “broad deference,” see Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir.2003), and we will uphold it unless it was “arbitrary, irrational, or contrary to law.” Tipu v. INS, 20 F.3d 580, 582 (3d Cir.1994).
To prevail on her motion to reopen, Chen was required to establish prima fa-cie eligibility for relief. See Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir.2004). Because she filed her motion more than ninety days after the final administrative decision was rendered in her case, see 8 C.F.R. § 1003.2(c)(2), she was required to present evidence that is “material and was not available and could not have been discovered or presented at the previous hearing,” which establishes “changed circumstances arising in the country of nationality.” 8 C.F.R. § 1003.2(c)(3)(h).
In support of reopening, Chen submitted a new asylum application and affidavit. A.R. 30-31, 124-34. She also provided: (1) evidence of her second child’s birth in 2005; (2) two 2003 Fujian Province administrative family planning decisions, A.R. 48-49, 51-52; (3) an August 2004 affidavit by demographer John Aird, A.R. 54-114; (4) a “notice from the Fuzhou City Population and Birth Control Office” dated April 2008, A.R. 43; and (5) a June 2007 New York Times article discussing individuals who returned to China and were forcibly sterilized, A.R. 116-22. After closely reviewing the record, we conclude that the BIA did not abuse its discretion in determining that Chen’s documentary evidence did not establish materially changed conditions in China.
Chen claims that the BIA “ignored” her evidence. While Chen is correct that we have remanded cases in which the BIA failed to consider important evidence in support of reopening, see Zheng v. Att’y Gen., 549 F.3d 260, 268-69 (3d Cir.2008) (“[Gjiven the BIA’s failure to discuss most of the evidentiary record in Zhen’s case ... we will vacate the BIA’s [decision] .... ”), this simply is not such a case. Chen has failed to specify any important document that the BIA failed to consider in reaching its conclusion. Indeed, the BIA specifically discussed the majority of Chen’s evidence. Based upon the BIA’s analysis, we are confident that the BIA adequately reviewed the entire record in reaching its decision that Chen failed to meet her burden of proof. See Liu v. Att’y Gen., 555 F.3d 145, 149-50 (3d Cir.2009).
Chen focuses primarily upon the notice from Fuzhou City, Fujian Province, which states that authorities are aware of the birth of Chen’s second child and that Chen is “hereby ordered to undergo the sterilization operation immediately.” A.R. 43. The BIA found that the notice is a copy without authenticating information, see 8 C.F.R. § 287.6, and that Chen failed to explain her failure to provide authentication.
*359 Chen does not dispute the BIA’s finding that the Fuzhou City notice lacked indicia of authenticity. Instead, she argues that the BIA abused its discretion by declining to give weight to the Fuzhou City notice under In re S-Y-G- 24 I & N Dec. 247 (BIA 2007). In S-Y-G-, the BIA held that:
an alien in the applicant’s circumstances may successfully reopen his or her asylum case if, on a case-by-case analysis, the genuine, authentic, and objectively reasonable evidence proves that (1) a relevant change in country conditions occurred, (2) the applicant has violated family planning policy as established in that alien’s local province, municipality, or other relevant area, and (3) the violation would be punished in a way that would give rise to a well-founded fear of persecution.
S-Y-G-, 24 I & N Dec. at 251. According to Chen, S-Y-G- does not absolutely require an individual to present “genuine, authentic, and objectively reasonable evidence.” Rather, such evidence is one way that a movant “may” establish her case for reopening — implying that evidence found to be non-genuine, inauthentic, or objectively unreasonable evidence “may” also support reopening.
We reject Chen’s interpretation. We understand the BIA’s holding in S-Y-G to mean that reopening “may” (rather than “must”) be warranted, even where the “genuine, authentic, and objectively reasonable” evidence supports reopening, because the agency nonetheless retains the ultimate discretionary authority to deny reopening. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir.2003) (BIA retains wide discretion to deny reopening even where a movant has made out a prima fade case for relief).
While Chen’s failure to authenticate the notice does not per se require its exclusion, an absence of evidence concerning authenticity may undermine its evidentiary value. See Chen v. Gonzales, 434 F.3d 212, 219-20 (3d Cir.2005). We conclude that the BIA’s decision to accord little weight to the Fuzhou City notice is reasonable in light of S-Y-G- as well as this Court’s precedent, and it rests upon substantial evidence.
The BIA also adequately addressed Chen’s 2003 Fujian family planning decisions and 2004 Aird affidavit. The BIA reasonably relied upon past decisions, which considered precisely the same documents and concluded that they do not demonstrate a material change in the Fuji-an Province family planning policy. See Matter of S-Y-G-, 24 I & N Dec. 247, 254-55 (BIA 2007) (considering, inter alia, 2003 Fujian province family planning decisions); Matter of J-W-S-, 24 I & N Dec. 185, 189-90 (BIA 2007) (considering, inter alia, 2004 Aird affidavit); see also Liu v. Att’y Gen., 555 F.3d 145, 149-50 (3d Cir.2009) (quoting the BIA’s finding in J-W-S- that “the Chinese government does not have a national policy of requiring forced sterilization of a parent who returns with a second child born outside of China.”); Zheng, 549 F.3d at 267 n. 4 (“We have rejected Aird’s position.”). Chen offers nothing to convince us that the BIA’s assessment was an abuse of discretion.
Finally, the BIA stated that the birth of Chen’s second child in the United States “reflects a change in her personal circumstances in this country, and does not establish a change in circumstances or country conditions ‘arising in the country of nationality’.....” for purposes of § 1003.2(c)(3)(ii). This conclusion comports with our precedent. See Liu, 555 F.3d at 148. Chen argues that the BIA’s conclusion “is nonsensical because the [Bjoard should consider the fact of her child birth with the background materials submitted.” However, even considered in light of Chen’s background materials, the *360 birth of Chen’s second child was not sufficient to warrant reopening. The background materials did not establish the necessary material change in country conditions. Id. at 151.
III. Conclusion
For the foregoing reasons, we will deny the petition for review.