**Efrain Modesto CALLE–VUJILES, Petitioner**

v.

**John ASHCROFT, Attorney General of the United States, Respondent**

No. 02–2261.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 4, 2003.

Filed March 5, 2003.

Before SLOVITER, RENDELL and STAPLETON, Circuit Judges.

**OPINION OF THE COURT**

STAPLETON, Circuit Judge.

Efrain Modesto Calle–Vujiles ("the Petitioner") petitions this court for review of the Board of Immigration Appeals' ("the BIA") decision denying the Petitioner's

motion to reconsider its decision dismissing his appeal. He also petitions for review of the BIA's failure to *sua sponte* reopen his deportation proceedings so that he may adjust his status.

## I.

The Petitioner, a citizen of Ecuador, illegally entered the United States without inspection in 1990. The INS took him into custody in 1991, interviewed him, and on his release, the INS issued the Petitioner an Order to Show Cause ("OSC"). The OSC stated that the Petitioner would be required to appear before an Immigration Judge "on the date and time to be set" in order to "show why[he] should not be deported." Addendum at 2. There is some disagreement about whether the Petitioner was informed of the OSC's contents in Spanish, the only language he understands. The Petitioner changed his place of residence between the time he was issued the OSC and the time that the Hearing Notice was sent to his address of record. The Petitioner failed to appear at the scheduled hearing and was ordered deported to Ecuador, *in absentia*, pursuant to the now-repealed INA § 242(b). 8 U.S.C. § 1252(b) (1988).

The Petitioner moved to reopen deportation proceedings in January, 1997, asserting lack of notice of the deportation proceeding that resulted in the *in absentia* order. The Immigration Judge denied the motion. On June 29, 2000, the BIA dismissed the Petitioner's appeal.

The Petitioner petitioned this court for review, asserting that he was denied due process because he did not receive adequate notice of the deportation proceeding. We denied the Petitioner's first petition for review. We noted that the Petitioner was personally served with the OSC, provided with the address of the immigration court, and the Hearing Notice was sent to his address of record. We concluded that the service of process on the Petitioner was consistent with due process and denied the petition for review. Addendum at 1–6.

On August 3, 2001, more than a year after the BIA's decision dismissing the Petitioner's appeal, the Petitioner filed a motion with the BIA asking it to reconsider the BIA's decision and to reopen deportation proceedings. The Petitioner based his motions on the BIA decisions in *In re M–S–*, 22 I. & N. Dec. 349 (BIA 1998), and *In re G–Y–R–*, 23 I. & N. Dec. 181 (BIA 2001). The BIA denied the motions as time-barred under 8 C.F.R.§ 3.2(b)—(c). The BIA also noted that the decision relied upon in the Petitioner's motion to reopen, *In re M–S–*, "was based on the statutory requirements of section 242B of the Immigration and Nationality Act, and is therefore inapplicable to the respondent's situation since he was ordered deported under section 242(b) of the Act rather than 242B."

The Petitioner, again, petitions this court for review of the BIA's decision. He argues, *inter alia*, that it was a violation of due process for the BIA to fail to exercise its discretion to *sua sponte* reopen the deportation proceedings or reconsider its prior decision. The INS responds, *inter alia*, that we are without jurisdiction to review the BIA's decision to decline to *sua sponte* reopen or reconsider the proceedings.

## II.

Subsections 3.2(b) and (c) of Title 8 of the Code of Federal Regulations bar motions to reconsider and reopen that are not timely filed. Motions to reconsider must be filed within 30 days of the BIA decision. 8 C.F.R. § 3.2(b). Motions to reopen must be filed no later than 90 days after the date in which the final administrative deci-

sion was rendered. 8 C.F.R. § 3.2(c). Here, the BIA issued its final decision on June 29, 2000. The Petitioner moved to reconsider and reopen on August 3, 2001, well after the time had expired for doing so.

Subsection 3.2(a) of the Regulations, however, allows the BIA to reopen or reconsider a case *sua sponte* at any time. It provides:

> (a) General. The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision. A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.

*Id.*

Generally, the BIA is allowed to reopen or reconsider a case *sua sponte* in "exceptional situations." *In re J–J–*, 21 I. & N. Dec. 976 (BIA 1997).

■ As the Court of Appeals for the First Circuit observed in *Luis v. I.N.S.*, 196 F.3d 36 (1st Cir.1999), "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion. Therefore, the very nature of the claim renders it not subject to judicial review." *Id.* at 40. Similarly, the Ninth Circuit Court of Appeals held in *Ekimian v. I.N.S.*, 303 F.3d 1153 (9th Cir.2002), that it "lack[ed] jurisdiction to review a BIA decision not to reopen the proceeding *sua sponte* under 8 C.F.R. § 3.2(a)." *Id.* at 1154. Finally, in *Anin v. Reno*, 188 F.3d 1273 (11th Cir.1999), the Eleventh Circuit

Court of Appeals concluded that "§ 3.2(a) gives the BIA non-reviewable discretion to dismiss [a petitioner's] claim." *Id.* at 1279.

The view that decisions not to *sua sponte* reopen or reconsider are non-reviewable is based on *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). That was a case in which a group of death row inmates demanded that the FDA enforce provisions of the Food, Drug, and Cosmetic Act, so as to prohibit the "misuse" of certain drugs in executing inmates by lethal injection. It held that courts have no jurisdiction to review matters "committed" to the agency's discretion, including matters where the governing "statute is drawn so that a court would have no meaningful standard of review against which to judge the agency's exercise of discretion." *Id.* at 830.

■ The Petitioner insists that the above-cited cases are mistaken in applying *Heckler* to the immigration context because *Heckler* dealt only with review of agency enforcement actions under the Administrative Procedure Act ("APA"). The Petitioner argues that, by contrast, the proceeding here is an immigration adjudication where the BIA has decided that *sua sponte* reopening is allowed in "exceptional situations." According to the Petitioner, this standard enables our court to review such decisions for an abuse of discretion.

Although we are mindful that there is a strong presumption that Congress intends judicial review of administrative action, *Chmakov v. Blackman*, 266 F.3d 210 (3d Cir.2001), we reject the Petitioner's arguments. The lesson of *Heckler v. Chaney* is that "review is not available in those rare circumstances where the relevant statute is so drafted that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *M.B. v. Quarantillo*, 301 F.3d 109, 112 (3d

Cir.2002) (internal quotations omitted). Here, the regulation providing for reopening or reconsidering a case *sua sponte* offers no standard governing the agency's exercise of discretion. As the court in *Anin* noted:

> [8 C.F.R. § 3.2(a) (1999)] reposes very broad discretion in the BIA "to reopen or reconsider" any motion it has rendered at any time or, on the other hand, "[to] deny a motion to reopen." *Id.* The discretion accorded in this provision is so wide that "even if the party moving has made out a prima facie case for relief," the BIA can deny a motion to reopen a deportation order. *Id.* No language in the provision requires the BIA to reopen a deportation proceeding under any set of particular circumstances. Instead, the provision merely provides the BIA the discretion to reopen immigration proceedings as it sees fit. Federal circuit courts consistently have interpreted the provision in this way. They have read 8 C.F.R. § 3.2(a) to give the BIA the discretion to reopen immigration proceedings in situations where federal courts lack the legal authority to mandate reopening.... In short, the provision gives the BIA non-reviewable discretion to dismiss Anin's claim.

*Anin*, 188 F.3d at 1279 (citations omitted).

It is true that if an agency "announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed," that exercise may be reviewed for abuse. *M.B.*, 301 F.3d at 112. However, this is not the case here. As *Ekimian* notes, "in *In re J–J–*, the BIA acknowledged only that § 3.2(a) *allows* the Board to reopen proceedings in exceptional situations; it did not hold that the regulation *requires* the Board to reopen proceedings in exceptional situations." *Ekimian*, 303 F.3d at 1158. And like *Ekimian*, our Petitioner has not pointed to one case defining "exceptional situation" in the context of the BIA's *sua sponte* power under § 3.2. Because the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.

### III.

The petition for review will be dismissed for lack of appellate jurisdiction.