

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2006

# Lindaastuty v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3227

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lindaastuty v. Atty Gen USA" (2006). *2006 Decisions.* Paper 827.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/827

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 05-3227/3525

FELICIA LINDAASTUTY,
Petitioner No. 05-3227
v.

ATTORNEY GENERAL OF
THE UNITED STATES; USCIS,
District Director, DHS Local
Removal Officers, and all Officers
and Employees having physical
custody of Petitioner,
Respondents


FELICIA LINDAASTUTY,
Petitioner No. 05-3525
v.
ATTORNEY GENERAL
OF THE UNITED STATES,
Respondent

Petition for Review from a Decision of the
Board of Immigration Appeals
Immigration Judge: Donald Vincent Ferlise
Agency No. A95-146-362

Before: McKEE and GARTH, Circuit Judges,
and LIFLAND, Senior District Judge[*]

Submitted pursuant to Third Circuit LAR 34.1(a)
May 16, 2006

(Opinion filed:June 28, 2006)

_____

[*]The Hon. John C. Lifland, Senior District Judge of the United States District
Court for the District of New Jersey, sitting by designation.

OPINION

McKEE, Circuit Judge.

Felicia Lindaastuty asks us to review an order of the Board of Immigration Appeals denying her motion to reopen her removal proceedings (No. 05-3227). We also have a petition for a writ of habeas corpus Lindaastuty filed in the district court pursuant to 28 U.S.C. § 2241, in which she challenged the legality of her detention after the removal order became final. Pursuant to the Real ID Act, the district court transferred the habeas petition to us (No. 05-3525).

For the reasons that follow, we will deny her petition for review and dismiss her habeas petition as moot.

**I. FACTS AND PROCEDURAL HISTORY**

Felicia Lindaastuty is a native and citizen of Indonesia. She was admitted into the United States on or about December 5, 2000, as a visitor for pleasure with authorization to remain until June 4, 2001. On November 13, 2001, the former INS issued Lindaastuty a Notice to Appear charging her with removability pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States for a time longer than permitted. At a hearing on January 10, 2002, Lindaastuty, represented by counsel, conceded her removability and stated that she intended to apply for asylum, withholding of removal and CAT relief. That relief was denied by the Immigration Judge, and she appealed to the BIA. The BIA affirmed and dismissed her

2

appeal on February 14, 2005.  Lindaastuty did not file a petition for review of the BIA's decision affirming the IJ's denial of her claims for relief.

On March 2, 2005, Lindaastuty filed a timely petition to reopen her removal proceedings in order to apply for adjustment of status.  She claimed that she had married a United States citizen during her proceedings and he had filed a visa petition on her behalf.  On March 31, 2005, the BIA denied her motion to reopen, finding that she had not provided clear and convincing evidence of the bona fides of her marriage as required by *Matter of Velarde-Pacheco*, 23 I. & N. Dec. 235 (BIA 2002).[1]  Lindaastuty did not file a petition for review of the BIA's denial of her motion to reopen.

On February 24, 2005, prior to the BIA's denial of her motion to reopen, Lindaastuty received a Notice from Customs and Immigration Services requiring her to appear for an interview on June 24, 2005, in regard to her application for adjustment of status based on her marriage to a U.S. citizen.

On April 25, 2005, Lindaastuty filed a motion to reconsider with the BIA, seeking to present new evidence of the bona fides of her marriage.  On June 23, 2005, the BIA

---

[1]In *Velarde-Pacheco*, the BIA held that an alien who entered into a marriage after commencement of removal proceedings can have a motion to reopen for adjustment of status granted, notwithstanding the pendency of a visa petition filed on behalf of the alien by the spouse, where the alien has presented clear and convincing evidence that the marriage is bona fide.

denied that motion. The BIA treated her motion as a motion to reopen[2] because she had not alleged that the BIA had made any error of fact or law in its previous decision (the standard for a motion to reconsider). The BIA then denied her second motion to reopen because it exceeded the numerical limitations for motions to reopen. *See* 8 C.F.R. § 10103.2(c)(2). The BIA also stated that it did not find "any exceptional circumstances to justify reopening on [its] own motion."[3] It noted that Lindaastuty "did not file her prior motion pro se, but was represented by counsel. [Lindaastuty] married on November 20, 2004, and filed her prior motion on March 2, 2005, thus giving her over 3 months and 1 week to get her documentation in order." Lindaastuty filed a petition for review of the BIA's denial of her second motion to reopen which is the petition now before us.

As noted, Lindaastuty was scheduled to appear for an interview regarding her application for adjustment of status on June 24, 2005. However, because the BIA had issued its decision on June 23, 2005, denying her second motion to reopen, the Department of Homeland Security ("DHS") took her into custody pursuant to what was now a final order of removal.

On July 15, 2005, Lindaastuty filed a petition for a writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2241 challenging her post-removal proceedings

---

[2]Lindaastuty does not challenge the BIA's characterization of her motion to reconsider as a motion to reopen.

[3]Generally, the BIA has the authority to reopen or reconsider a case *sua sponte* in "exceptional situations." *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474 (3d Cir. 2003).

detention.  Pursuant to the REAL ID Act, the district court  transferred Lindaastuty's

habeas petition to us.  We consolidated it with the petition for review.

## II. DISCUSSION

### A. Petition for review of BIA's June 23, 2005
### order denying the motion to reopen.

In challenging the BIA's June 23, 2005, denial of her motion to reopen,

Lindaastuty argues that she is entitled to reopen based on a "change in circumstances,"

viz., the approval of her husband's visa petition.  Lindaastuty's Br. at 12-14.   She also

argues that she is entitled to reopening "as befit[s] any good citizen of the community."

*Id.* at 13.  In addition, she contends that "there is extreme and unusual hardship on the

part of her US citizen husband if she is deported to her native country, considering that

they were newly married at the time of her detention, and were looking forward to

hav[ing] a family in the US."[4]  *Id.* at 13-14.

However, she never addresses the BIA's reasons for denying her motion to

reopen; i.e, that it was her second motion to reopen and, therefore, it exceeded the

numerical limitation on motions to reopen.  Thus, she has waived that issue for purposes

of our review. *See Emerson v. Thiel College*, 296 F.3d 184, 190 n.5 (3d Cir. 2002)

---

[4]To the extent that this argument can be construed as a challenge to the BIA's refusal to reopen *sua sponte*, we are without jurisdiction to entertain that challenge. *See Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 ("Because the BIA retained unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.").

("Failure to set forth an issue in an appellate brief waives that issue on appeal.").

Therefore, her petition for review must be denied.

**B. The habeas petition.**

As noted earlier, Lindaastuty was scheduled for an interview regarding her application for adjustment of status on June 24, 2005. However, because the BIA denied her second motion to reopen on June 23, 2005, the DHS took her into custody at that hearing in furtherance of a final order of removal. Pursuant to that order, Lindaastuty has been removed to Indonesia.

In her habeas petition, Lindaastuty does not challenge the removal order, but does challenge the legality of her detention based on her contention that the "use of the adjustment of status procedure to surprise applicants with sudden reinstatement of their deportation orders raises fundamental [due process] concerns."[5] Lindaastuty's Br. at 9.

However, the government concedes that because Lindaastuty is challenging the legality of her detention after a final removal order has been entered (and not the removal order itself), the district court had jurisdiction to entertain her habeas petition. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (Supreme Court held that district court retained habeas jurisdiction over challenges to post-removal-period detention even after

---

[5]The government contends that it did not use the adjustment of status procedure to "surprise" her. It claims that DHS scheduled her adjustment of status interview in the ordinary course of processing visa applications, and that the BIA's decision denying her second motion to reopen the day before her interview was simply happenstance. Government's Br. at 9 n.4.

6

changes the INA made in 1961 and 1996).

Section 106(a)(1)(B) of the REAL ID Act adds a provision to the INA that provides that a petition for review filed in the Court of Appeals "shall be the sole and exclusive means for judicial review of an order of removal [n]otwithstanding any other provision of law (statutory or nonstatutory), including § 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title." 8 U.S.C. § 1252(a)(4) (added by REAL ID Act). However, the Conference Report accompanying the REAL ID Act makes clear that the purpose of this provision, along with related provisions of the REAL ID Act, was to "address the anomalies created" by *INS v. St. Cyr*, 533 U.S. 289 (2001), under which criminal aliens, although precluded from seeking habeas review of their removal orders in the Court of Appeals, could obtain habeas review in the district court under § 2241. H.R. Rep. No. 109-72, *reprinted* in 151 Cong. Rec. H2813, H2873 (May 3, 2005). The Report specifically states that "section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders." *Id.*

Because Lindaastuty's habeas petition challenges the legality of her post-removal proceedings detention and not the removal order, the appropriate remedy would be for us to transfer Lindaastuty's habeas petition back to the district court. However, because Lindaastuty has already been deported and is, therefore, no longer in custody, the

7

challenge to her detention is moot and the habeas petition must be dismissed.

### III. CONCLUSION

For the above reasons, we will deny Lindaastuty's petition for review and dismiss her habeas petition as moot.