**XIU CAI HONG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 05–5093.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Feb. 15, 2007.

Filed: Feb. 20, 2007.

---

Gary J. Yerman, Yerman & Associates, New York, NY, for Petitioner.

Richard M. Evans, Paul Fiorino, Janice K. Redfern, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SMITH and FISHER, Circuit Judges, and DOWD, District Judge.*

## OPINION

SMITH, Circuit Judge.

Xiu Cai Hong petitions for review of the denial by the Board of Immigration Appeals (BIA) of his second motion to reopen his immigration proceeding.[1] We review any findings of fact for substantial evidence and the ultimate denial for an abuse of discretion. *See Korytnyuk v. Ashcroft,* 396 F.3d 272, 280 (3d Cir.2005). An abuse of discretion will be found if the denial of a motion to reopen "is arbitrary, irrational, or contrary to law." *Filja v. Gonzales,* 447 F.3d 241, 251 (3d Cir.2006). Motions to reopen are generally disfavored. *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Hong is a native and citizen of the People's Republic of China (PRC). Hong fled China in 1991, eventually entering the United States in April 1994. He filed a timely application in November 1994, seeking political asylum and withholding of removal. Hong alleged persecution on the basis of his involvement in a 1989 student democracy movement, and his opposition to the fact that his girlfriend was forced to abort their child in order to comply with the PRC's coercive population control program. The INS denied the application, issued an Order to Show Cause and Notice of Hearing in May 1995, and referred the matter to an Immigration Judge (IJ). In

---

* The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

1. The BIA exercised authority to review Hong's motion to reopen pursuant to 8 C.F.R. § 1003.2(a). We have jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1252(a). *See Sevoian v. Ashcroft,* 290 F.3d 166, 171 (3d Cir.2002) (observing that the denial of a motion to reopen is a final order of removal for purposes of § 1252).

March 1996, an IJ denied Hong's application for relief and made an adverse credibility determination, finding that Hong's testimony "was lacking in credibility to an extremely large extent."[2] Two years later, the BIA affirmed the IJ's denial of asylum and withholding of removal. Hong did not petition for review of the BIA's decision.

In June of 1999, Hong filed his first motion to reopen, seeking to apply for protection under the Convention Against Torture (CAT). The BIA denied the motion in October of 1999. Hong did not petition for review of this decision either.

Almost six years later, in August 2005, Hong filed a second motion to reopen with the BIA. He alleged that the time and numeric limitations did not apply because there had been a change in the country conditions of the PRC. Hong cited the fact that he and his wife[3] had had two children and were preparing for the birth of a third child. He alleged that the PRC's People's Family Planning Law (PFPL) had been enacted in late 2002 and was being implemented in his hometown. As a result, Hong asserted that if he were returned to the PRC, he would be in violation of the PFPL and would be subjected to sterilization.

The BIA denied this second motion to reopen in October 2005 as untimely and numerically barred under 8 C.F.R. § 1003.2(c)(2). The BIA recognized that there was an exception to the time and numeric limitations "based on changed circumstances arising in the country of nationality," see 8 C.F.R. § 1003.2(c)(3)(ii), but it concluded that Hong failed to demonstrate such a change. The BIA explained that the birth of Hong's children did not satisfy the exception as this constituted a change in Hong's personal circumstances in the United States and not a change of circumstances arising in the PRC. The fact that the PFPL had been enacted in 2002 did not qualify as a change in circumstances, according to the BIA, because the PFPL specifically provided that it maintained the PRC's current fertility policy advocating population control measures. The BIA also declined to grant Hong's motion to reopen *sua sponte*, pointing out that Hong's case did not present exceptional circumstances warranting such relief.

■ This petition for review followed. Hong does not dispute that his second motion to reopen is untimely and numerically barred. These limitations are inapplicable, according to Hong, because of the exception contained in 8 C.F.R. § 1003.2(c)(3)(ii) where the alien has demonstrated a change of circumstances in the alien's native country. Hong contends that he satisfied this exception by citing the enactment of the PRC's PFPL and the efforts to enforce this law in his hometown.[4]

**2.** Hong had, through counsel and at an earlier appearance before the IJ, conceded deportability. During this December 1995 hearing, Hong renewed his application for asylum and withholding of deportation and requested, in the alternative, voluntary departure.

**3.** Hong met his wife in the United States.

**4.** Hong does not take issue with the BIA's determination that the birth of his two children in the United States is only a change in his personal circumstances that does not qualify as a change in circumstances in his native country for purposes of 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, we need not review this aspect of the BIA's decision.

In addition, Hong wisely does not challenge the BIA's refusal to *sua sponte* grant his motion to reopen. *See Calle–Vujiles v. Ashcroft*, 320 F.3d 472 (3d Cir.2003) (concluding that we lack jurisdiction to review a denial by BIA to *sua sponte* grant a motion to reopen under 8 C.F.R. § 1003.2(a)).

We find no error in the BIA's analysis. It explained that the PFPL did not constitute a significant change in the PRC's population control policy, as this new law was a codification of the PRC's "current fertility policy." As additional support, the BIA cited the fact that the affidavit from Hong's mother confirmed that the one child policy had been in effect since the early 1980s.

We cannot ignore that before the BIA can consider the merits of Hong's motion to reopen, Hong had to demonstrate changed country conditions. 8 C.F.R. § 1003.2(c)(3)(ii); *Wang v. BIA*, 437 F.3d 270, 274 (2d Cir.2006) (pointing out that the exception in § 1003.2(c)(3)(ii) requires the petitioner "show changed country conditions in order to exceed the 90–day filing requirement" applicable to a motion to reopen). Because Hong failed to satisfy this prerequisite, the BIA did not err by denying the motion to reopen. We will deny Hong's petition for review.