**DLD-005**                                                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3563
_____

MILTON ENRIQUEZ,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A73-541-269)
Immigration Judge: Honorable Eugene Pugliese
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 7, 2010
Before:  BARRY, FISHER and STAPLETON, Circuit Judges

(Opinion filed: October 19, 2010)
_____

OPINION
_____

PER CURIAM

Petitioner Milton Enriquez seeks review of an order denying his motion to reopen

removal proceedings.  The government has filed a "motion for summary affirmance,"

which we will construe as a motion to summarily deny the petition for review.  See 3d

1

Cir. L.A.R. 27.4; I.O.P. 10.6. Because we conclude that this petition presents no substantial question, we will grant the government's motion and dismiss in part and deny in part the petition for review. We will also deny Enriquez's motion for a stay of removal.

## I.

Enriquez is a native and citizen of Ecuador. He conceded his removability for entering the country without admission in 1988. In August 2008, an Immigration Judge ("IJ") denied his application for cancellation of removal as a non-permanent resident alien, finding that he did not establish that his "removal would result in exceptional and extremely unusual hardship" to a qualifying relative. See 8 U.S.C. § 1229b(b)(1)(D). Enriquez argued that his youngest son suffers from respiratory problems, but the IJ noted that Enriquez failed to present any medical records to explain the nature and severity of his son's illness. The Board of Immigration Appeals ("BIA") dismissed his appeal on August 20, 2009.

On March 9, 2010, Enriquez filed a motion to reopen with the BIA. The BIA denied the motion, finding it to be untimely filed and not within any of the statutory or regulatory exceptions to the time limits for motions to reopen. The BIA also found that Enriquez failed to demonstrate that an "exceptional situation" exists to warrant sua sponte reopening. Enriquez filed a timely petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a). We review denials of motions to reopen for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

III.

A motion to reopen must be filed no later than ninety days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Enriquez's March 9, 2010 motion following the BIA's August 20, 2009 decision was plainly was beyond this time limit. In addition, the motion does not satisfy any of the exceptions to the time limit. See 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3).

As to his claim that the BIA abused its discretion in declining to reopen the proceedings sua sponte, we lack jurisdiction to review that determination. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). Enriquez cites to Cruz v. Attorney General, 452 F.3d 240, 249 (3d Cir. 2006), to support his claim, but has made no showing that his case presents an "exceptional situation" that would have allowed for sua sponte reopening. Furthermore, his case is not one in which the BIA has announced and followed "a general policy by which its exercise of discretion will be governed" that would have created an exception to the jurisdictional bar. Calle-Vujiles, 320 F.3d at 475.

IV.

3

For the foregoing reasons, we conclude that this petition presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Accordingly, we will grant the government's motion for summary action and dismiss in part and deny in part the petition for review.[1] Enriquez's motion for a stay of removal is denied as moot.

---

[1] Enriquez filed an opposition urging this Court to deny summary action because the Administrative Record had not yet been filed. We assure him that we received and reviewed the Administrative Record prior to ruling on his petition.