**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3240
_____

JESIKA RAMESH SHAH,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-531-132)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011
Before:  MCKEE, Chief Judge, SMITH and GARTH, Circuit Judges

(Opinion filed April 13, 2011)
_____

OPINION
_____

PER CURIAM

        Jesika Ramesh Shah, a native and citizen of India, entered the United States as a

teenager in 1987.  In 1992, she filed an application for asylum, withholding, and relief

under the Convention Against Torture.  Subsequently, the Government charged her as

1

removable for overstaying her visa. In 2001, an Immigration Judge ("IJ") denied her applications for relief and issued an order of removal. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion in 2003. The BIA permitted Shah to depart voluntarily. Shah stayed in the United States.

In May 2010, after she was detained by Immigration and Customs Enforcement agents, Shah moved the BIA to reopen her case pursuant to 8 C.F.R. § 1003.2(a). She contended that she was entitled to sua sponte reopening because of what she described as exceptional circumstances. She noted her strong ties to the United States, submitting many letters in support written by friends, family members, and others, and described how her adoptive parents would suffer if she were not in the country to take care of them. Shah also asked for sua sponte reopening so that she could apply for adjustment of status based on the approval of a visa petition filed on her behalf by her United States citizen brother. She stated the priority date on the application would be current within months, so she would be eligible to adjust her status soon. The BIA denied Shah's motion.

Shah presents a petition for review. She argues that the BIA abused its discretion because it failed to make an individualized decision or articulate a meaningful reason for its decision. She asks us to remand her case to the BIA so that it can provide its reasoning, including, "to the extent that the [BIA] has routinely granted motions to reopen despite timeliness [sic] under its *sua sponte* authority," a clarification of why her case does not meet the exception to the general timeliness rule. Petitioner's Opening Brief 11. The Government asks us to dismiss Shah's petition to the extent she challenges

2

the BIA's discretionary decision not to reopen her case <u>sua</u> <u>sponte</u>. The Government also argues that the BIA acted within its discretion in denying Shah's motion as untimely.

Generally, we have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). However, certain denials of discretionary relief are outside our purview of review, including the BIA's decision to decline to exercise its discretion to reopen a case <u>sua</u> <u>sponte</u>. <u>See</u> 8 U.S.C. § 1252(a)(2)(B)(ii); <u>Calle-Vujiles v. Ashcroft</u>, 320 F.3d 472, 475 (3d Cir. 2003) ("Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.")

Nonetheless, even in cases involving a discretionary denial of <u>sua</u> <u>sponte</u> reopening, we retain jurisdiction over constitutional claims and questions of law raised in a petition for review. <u>See</u> 8 U.S.C. § 1252(a)(2)(D). For instance, as we have noted elsewhere, we can review the BIA's ruling on whether a petitioner has shown an "exceptional situation" or, stated otherwise, whether a petitioner has established a <u>prima</u> <u>facie</u> case for <u>sua</u> <u>sponte</u> relief. <u>See</u> <u>Cruz v. Attorney Gen. of the United States</u>, 452 F.3d 240, 250 (3d Cir. 2006). We also have jurisdiction to consider whether the BIA is ignoring limits it has placed on its own discretion in denying <u>sua</u> <u>sponte</u> relief (by, for instance, holding that it will always grant that exceptional relief for a particular reason). <u>See</u> <u>id.</u> Furthermore, as Shah argues, when we cannot determine whether the BIA "declined to exercise its <u>sua</u> <u>sponte</u> authority on a reviewable or non-reviewable basis . . .

3

we . . . remand for further explanation from the BIA." See Cruz, 452 F.3d at 250.

We consider first the one legal issue clearly raised by Shah, namely whether the BIA provided an individualized determination with enough reasoning. The BIA must show that it has reviewed the record and understands a movant's claims, but it "is not required to write an exegesis on every contention." See Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) (citation omitted). The BIA's decision in this matter is short. And, as Shah points out, a masculine pronoun was used to describe her at one point. However, the BIA accurately described what Shah was trying to do ("[t]he respondent seeks reopening"). R. 3. The BIA considered whether the motion to reopen was timely filed under the statutory and regulatory rules for filing. Id. Upon concluding that it had not been filed within 90 days and did not fall within the exceptions to filing within 90 days, the BIA held that the motion had been untimely filed. Id. The BIA then also considered whether Shah presented an exceptional situation to support discretionary sua sponte relief, and decided she had not. Id. In short, the BIA showed that it reviewed the record and understood the motion before it. Contrary to Shah's claim, the BIA made an individualized determination in her case and articulated a meaningful reason for its decision.

The Government characterizes Shah's argument also as a claim that the BIA is ignoring its own policy on granting sua sponte reopening for a particular reason. See Cruz, 452 F.3d at 250. However, although Shah alluded to this type of argument in her brief by saying that the BIA has routinely granted motions to reopen despite their

4

untimeliness, Petitioner's Opening Brief 11, she clarified in her reply that the core of her argument is that the BIA did not provide any basis for its denial, Petitioner's Reply Brief 3. In any event, unlike in <u>Cruz</u>, where there was evidence that the BIA was ignoring a general policy it had established, <u>see</u> 452 F. 3d at 246 n.3 & 249-50, there is no similar evidence in this case relating to allowing untimely reopening for potential adjustment of status or because of family ties or the desire to care for aging relatives. <u>Cf.</u> <u>Calle-Vujiles</u>, 320 F.3d at 475.

For these reasons, we will deny Shah's petition for review.