**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4394
_____

ANSU SEKOU FOMBA JABATEH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-266-092)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 24, 2010

Before:  MCKEE, Chief Judge, SMITH and GARTH, Circuit Judges

(Opinion filed: June 21, 2011)
_____

OPINION
_____

PER CURIAM

Ansu Sekou Fomba Jabateh petitions for review of the Board of Immigration

Appeals' ("BIA") denial of his motion to reopen.  We entered an order on March 15,

2011, staying proceedings in this Court and remanding to the BIA for further consideration in light of subsequent developments. The Government has filed a motion for reconsideration of that order. We will grant the motion, vacate our order of March 15, 2011, and dismiss the petition for review.

I.

Jabateh is a citizen of Liberia who entered the United States without inspection and concedes that he is removable on that basis. See 8 U.S.C. § 1227(a)(1)(A). He applied for asylum, withholding of removal and relief under the Convention Against Torture on the grounds that he feared mistreatment because of his ethnicity and political opinion. An Immigration Judge denied his application, and the BIA affirmed by order issued December 17, 2004. Jabateh did not petition for review.

Some five years later, he filed a motion to reopen his proceeding on the basis of his marriage to a United States citizen, who had filed an I-130 visa petition on his behalf. Jabateh argued that approval of the petition would make him eligible to adjust his status to lawful permanent resident, but the petition had not yet been adjudicated. The BIA denied Jabateh's motion by order issued October 23, 2009. The BIA determined that the motion was untimely, which Jabateh does not dispute. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA also rejected Jabateh's request that it exercise its authority to reopen sua sponte, concluding that he has not "shown that an 'exceptional situation' exists that would warrant the Board's exercise of its discretion to reopen these proceedings sua sponte." Jabateh petitions for review.

2

II.

We generally review the BIA's denial of a motion to reopen for abuse of discretion. See Cruz v. Att'y Gen., 452 F.3d 240, 247 (3d Cir. 2006). When the BIA declines to exercise its discretion to reopen sua sponte, however, we generally lack jurisdiction to review its ruling "[b]ecause there is no standard governing the agency's exercise of discretion[.]" Id. at 249 (citing Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003)). Review is nevertheless permitted if the BIA adopts a "'general policy by which its exercise of discretion will be governed.'" Calle-Vujiles, 320 F.3d at 475 (citation omitted). The BIA has held that its authority to reopen sua sponte is reserved for "exceptional situations," but that holding does not constitute such a policy because the BIA has neither held that it is required to reopen in "exceptional situations" nor defined "exceptional situations" in a way permitting review. See id.; see also Pllumi v. Att'y Gen., — F.3d —, No. 09-4454, 2011 WL 1278741, at *3 n.7 (3d Cir. Apr. 6, 2011) ("[N]o case has been found nor any pointed out by the parties that defines what is considered an 'exceptional situation.'").[1]

The Government argues that we lack jurisdiction to review the BIA's denial of reopening sua sponte in this case. Jabateh acknowledges the general jurisdictional impediment, but argues that it does not apply here because the BIA denied reopening, not

---

[1] We also have jurisdiction to determine whether the BIA's denial of reopening sua sponte rests "on an incorrect legal premise," Pllumi, 2011 WL 1278741, at *3, but the BIA did not base its decision on any conclusion of law and Jabateh does not argue otherwise.

3

in the exercise of its discretion, but because it determined that he is not prima facie eligible for relief. We disagree.

Jabateh bases his argument on our decision in Cruz. In that case, the petitioner had been ordered removed on the basis of his conviction of a crime involving moral turpitude. That conviction was later vacated, and the petitioner sought reopening on that basis. The BIA denied the motion, ruling in relevant part that "'we do not find that sua sponte reopening is warranted for any reason.'" Cruz, 452 F.3d at 245 (quoting BIA decision). We expressed concern with this ruling, because the BIA generally views the vacation of a removable conviction as an "exceptional situation" warranting reopening sua sponte. See id. at 246 & n.3, 250. The BIA's cursory ruling, however, left us unable to determine whether it believed that the petitioner was still removable notwithstanding the vacation of his conviction (and thus that he did not present an "exceptional situation" because he was not prima facie eligible for relief), or whether it agreed that the petitioner was eligible for relief but nevertheless declined to reopen sua sponte in the exercise of its discretion. See id. at 250. We explained that the former conclusion would permit us to review the BIA's determination of petitioner's ineligibility for relief, but that the latter conclusion would leave us without jurisdiction to review the BIA's exercise of its discretion. See id. Thus, we concluded that the BIA's decision left us unable to determine our jurisdiction, and we remanded for further explanation. See id.

Jabateh argues that Cruz permits review any time the BIA decides that a motion to reopen does not present an "exceptional situation." As we have explained, however,

4

<u>Cruz</u> concerned a specific kind of "exceptional situation"—i.e., one in which a petitioner contended that the vacation of a conviction rendered him no longer removable, and thus one in which the petitioner potentially was prima facie eligible for relief from the underlying order of removal. We held that the order in <u>Cruz</u> was potentially reviewable because, although we did not decide the issue, the BIA may have adopted a policy of reopening in that specific situation. <u>See</u> <u>id.</u>

Jabateh relies on no such potential policy here. Jabateh argues that the approval of an I-130 visa petition makes the beneficiary eligible to adjust status to lawful permanent resident. He further relies on several unpublished BIA decisions for the proposition that reopening sua sponte is warranted when an alien is eligible to adjust status on the basis of an I-130 petition that already has been approved. We need not decide whether the BIA has adopted such a policy, however, because the I-130 petition on which Jabateh relies was unadjudicated at the time the BIA rendered its decision, and it thus would not place Jabateh within that policy even if the BIA has adopted it. <u>Cf.</u> <u>In re Velarde-Pacheco</u>, 23 I. & N. Dec. 253, 255-56 (BIA 2002) (holding that <u>timely</u> motion to reopen may be granted even though an I-130 visa petition remains unadjudicated). Because Jabateh relies on no general policy potentially permitting review in this situation, we lack jurisdiction to review the BIA's discretionary denial of his motion to reopen sua sponte.

Finally, we note that the Department of Homeland Security now has approved the I-130 petition. On that basis, and on Jabateh's motion, we stayed proceedings in this Court and remanded to the BIA for further consideration. The Government (which had

5

not made its position known by responding to Jabateh's motion to remand) has filed a motion for reconsideration, in which it argues that Jabateh instead should be required to raise the approval of the I-130 petition in another motion to reopen with the BIA. We agree. The approval of Jabateh's I-130 petition was not before the BIA when it issued its decision and is not part of the record before us on review. See 8 U.S.C. § 1252(b)(4)(A). Thus, if Jabateh wishes the BIA to consider the effect of that development, he should file another motion to reopen with the BIA on that basis. See Ni v. Gonzales, 494 F.3d 260, 269-71 (2d Cir. 2007). We express no opinion on whether reopening is warranted or on whether the approval of the petition makes him eligible for relief, but we emphasize that our ruling in no way controls those questions. If the BIA again denies reopening, Jabateh may then seek review by filing a separate and otherwise-proper petition for review with this Court. See Stone v. INS, 514 U.S. 386, 394-95 (1995); Thomas v. Att'y Gen., 625 F.3d 134, 139 (3d Cir. 2010).

Accordingly, the Government's motion for reconsideration is granted, our order of March 15, 2011, is vacated, and the petition for review is dismissed.