**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3839
_____

NIMISHABEN H. PATEL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A73-580-097)
Immigration Judge:  Honorable Donald Vincent Ferlise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 24, 2011

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  August 24, 2011)
_____

OPINION
_____

PER CURIAM

Nimishaben H. Patel petitions for review of a decision of the Board of

Immigration Appeals (BIA).  For the reasons below, we will dismiss the petition for

review.

Nimishaben Patel, a native of India, entered the United States in September 1996. In August 1997, Patel applied for asylum and withholding of removal: she argued that she would be persecuted in India based on her religion. In March 1998, Patel was charged as removable for not possessing a valid entry document. Patel failed to appear for her asylum hearing, and an Immigration Judge (IJ) ordered her removed in absentia on July 15, 1998.

Patel filed a motion to reopen in February 2005. She argued that she never received notice of the hearing. The IJ found that the notice to appear was sent to the same address as that on her asylum application and included her apartment number. Thus, he concluded that Patel had notice of her July 1998 hearing and failed to establish an exception to make her motion to reopen timely. The IJ denied the motion to reopen, and in October 2005, the BIA affirmed without an opinion.

In October 2008, Patel filed a motion for reconsideration. She conceded that the motion was untimely and requested that the BIA consider it under its authority to reconsider decisions sua sponte. The BIA found the motion to reconsider untimely and denied it. It noted that the motion to reconsider reiterated the same arguments made on appeal. We dismissed Patel's petition for review for lack of jurisdiction.

On March 5, 2010, Patel filed another counseled motion to reopen with the BIA. Patel conceded that her motion to reconsider was untimely filed and requested that the BIA consider the motion to reconsider under its sua sponte authority. The BIA denied the motion. It stated that Patel had failed to present exceptional circumstances to support

sua sponte reopening. The BIA noted that Patel acquired the equities on which she relied after her final order of removal was issued. "[W]e do not find that the circumstances warrant the exercise of our limited discretion to reopen sua sponte." A.R. at 3. Patel filed a timely petition for review.

First, we must address whether we have jurisdiction over the petition for review. The government argues that we lack jurisdiction to review the BIA's refusal to use its sua sponte authority to reopen Patel's immigration proceedings. The BIA may, at any time, exercise its discretion to reopen removal proceedings sua sponte. See 8 C.F.R. § 1003.2(a). Sua sponte reopening is "an extraordinary remedy reserved for truly exceptional situations." In re G-D-, 22 I. & N. Dec. 1132, 1133-34 (BIA 1999). Because the regulation governing sua sponte reopening "offers no standard governing the agency's exercise of discretion," we generally lack jurisdiction to review the BIA's denial of a motion to reopen sua sponte. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

However, we recently held that "when presented with a BIA decision rejecting a motion for sua sponte reopening, we may exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise." Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011). Patel does not point to any incorrect legal premises relied on by the BIA. She argues that the BIA violated her right to due process because it failed to consider significant equities which would have shown exceptional circumstances: her eligibility to adjust her status, her marriage to a legal permanent

3

resident, her three citizen children, her businesses, the danger to her life in India, her fourteen years in the United States, and her lack of a criminal record. The BIA explicitly considered Patel's eligibility to adjust her status and the status of her family members and noted that Patel, like many aliens, acquired her equities by remaining in the United States long after her final order of removal. As for her allegations of danger in India, we note that while Patel indicated in her motion to reopen that she would supplement the motion and argue changed circumstances in India, she never submitted any additional documents or argument on that matter. Thus, we conclude that the BIA did not rely on any incorrect legal premises or deny Patel due process in denying her motion to reopen.

Patel argues that our decision in Cruz v. Attorney General, 452 F.3d 240 (3d Cir. 2006), suggests that we have jurisdiction to review a BIA decision denying a motion to reopen sua sponte for failure to show exceptional circumstances. In Cruz, the conviction on which the alien's removal was based had been vacated. The BIA denied the alien's motion to reopen and found that sua sponte reopening was unwarranted. We observed that the BIA routinely overlooked the untimeliness of a motion to reopen if the conviction on which removal was based had been vacated. We had previously held that if an agency "announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, that exercise may be reviewed for abuse." Calle-Vujiles, 320 F.3d at 475. (internal quotation marks and citation omitted). Because it was unclear from the BIA's decision whether it had considered Cruz's vacated conviction, we remanded the matter to the BIA for clarification:

4

We cannot tell from its opinion whether the BIA concluded that Cruz made out a prima facie case for <u>sua</u> <u>sponte</u> relief based on his vacated conviction, but nevertheless exercised its unreviewable discretion under 8 C.F.R. § 1003.2(a) to decline to reopen, or whether it believed that Cruz had not shown an "exceptional situation," and was therefore ineligible because he failed to establish a prima facie case for <u>sua</u> <u>sponte</u> relief. In the latter instance, we would have jurisdiction to review the BIA's decision.

<u>Cruz</u>, 452 F.3d at 250.

Here, the BIA concluded that Patel had failed to present exceptional circumstances to support the exercise of its limited discretion to reopen <u>sua</u> <u>sponte</u>. This is not a case like <u>Pllumi</u> or <u>Cruz</u> where we would have jurisdiction to review the BIA's ruling because it was alleged to have been based on an illegal premise, or because the claim of exceptional circumstances is based on its departure from a general policy of reopening or a settled course of adjudication. Patel levels neither charge. As a result, we can only conclude that we have no jurisdiction to review the discretionary ruling of the BIA. We will dismiss the petition for review on that basis.

For the reasons above, we will grant the government's motion and dismiss the petition for review.