**Keke LESMANA; Cassandra E. Prasetyo, Petitioners**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 11–4109.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 15, 2012.

Opinion filed: Aug. 20, 2012.

---

Asma J. Warsi Chaudry, Esq., Edison, NJ, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Enitan Otunla, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: SLOVITER, GREENAWAY, JR., and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Petitioners Keke Lesmana and Cassandra E. Prasetyo seek review of an order of the Board of Immigration Appeals ("BIA" or "Board") denying their second motion to reopen. For the reasons that follow, we will deny their petition for review.

Petitioners are husband and wife, natives and citizens of Indonesia, and ethnic Chinese Christians. They entered the United States as non-immigrant visitors in March 2000, and were placed into removal proceedings. They subsequently applied for asylum, withholding of removal, and relief under the Convention Against Torture. In 2006, Petitioners testified before the IJ that they had experienced past persecution in Indonesia on account of their Christianity and Chinese ethnicity. The IJ denied all relief, finding that, while their testimony was credible, the incidents they related were not sufficiently severe and extreme to constitute past persecution, and that there was no evidence in the record to suggest that either of them might be singled out for future persecution if they were to return to Indonesia. Additionally, the IJ found that the evidence in the record did not support a finding of a pattern and practice of persecution of ethnic Chinese Christians in Indonesia.

The BIA dismissed Petitioners' administrative appeal, and we denied their petition for review. *See Lesmana v. Att'y Gen.,*

331 Fed.Appx. 160 (3d Cir.2009). In February 2010, the BIA denied Petitioners' first motion to reopen because it was time-barred, did not satisfy the exceptions to the 90–day filing period, and did not reflect an exceptional situation warranting the exercise of its discretionary sua sponte authority. Petitioners did not petition for review of that determination to this Court. In June 2011, Petitioners filed a second motion to reopen with the BIA. In October 2011, the BIA denied the motion, concluding that Petitioners failed to show how the evidence that they submitted demonstrated materially changed conditions in Indonesia. The Board also concluded that the evidence presented would not likely change the outcome even if the proceedings were reopened. Lastly, the Board determined that to the extent Petitioners sought reopening on the basis of case law from outside of this Circuit, this Circuit has not adopted the analysis set forth in those cases. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Liu v. Att'y Gen.*, 555 F.3d 145, 148 (3d Cir.2009). Such review is "highly deferential" to the BIA. *Guo v. Ashcroft,* 386 F.3d 556, 562 (3d Cir.2004). The BIA's denial of a motion to reopen will be upheld unless the decision is "arbitrary, irrational, or contrary to law." *Rranci v. Att'y Gen.,* 540 F.3d 165, 171 (3d Cir.2008) (citations omitted). An alien may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(c)(ii). However, the time and number requirements do not apply to

motions that rely on "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

■ Petitioners first argue that the BIA erred in determining that they failed to show how the evidence that they submitted in support of their second motion to reopen establishes changed country conditions in Indonesia regarding the treatment of ethnic Chinese Christians.[1] The Government is correct that Petitioners fail to cite any record evidence supporting that argument in their brief. Nevertheless, after reviewing the record, we conclude that the Board did not abuse its discretion in ruling that the documentary evidence that Petitioners presented with their motion fails to demonstrate that conditions for Christians have materially changed since their 2006 hearing. *Filja v. Gonzales,* 447 F.3d 241, 252 (3d Cir.2006).

Although Petitioners' articles show ongoing ethnic and religious strife in Indonesia, including attacks on Chinese Christians, the materials do not establish that conditions have worsened. Further, the 2010 State Department Report on International Religious Freedom indicates that, in many instances, the Indonesian government is willing to prosecute individuals who provoke religious violence. (Administrative Record ("A.R.") at 67–68.) Indeed, the 2011 Human Rights Watch World Report for Indonesia notes the arrest of ten suspects, "including the leader of the local chapter of the militant Islamic Defenders Front," following an attack on two church leaders in September 2010. (*Id.* at 76.) Accordingly, under our deferential standard of review, we cannot agree with Peti-

---

1. There is no dispute that Petitioners' second motion to reopen was time and number    barred.

tioners that their submissions demonstrated changed country conditions.

██ Petitioners also argued before the BIA that their case should be reopened because, in Indonesia, they are members of a "disfavored group" consisting of Chinese Christians. In support, they relied on two Ninth Circuit Court of Appeals decisions, *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir.2009), and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir.2010). Both *Wakkary* and *Tampubolon* involved Christian Indonesian petitioners and reinforced precedent in *Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004), which held that ethnic Chinese are disfavored in Indonesia. In *Wakkary*, the Ninth Circuit applied the "disfavored group" analysis to applications for withholding of removal and remanded for consideration of whether Chinese Christians are disfavored in Indonesia. 558 F.3d at 1067. In *Tampubolon*, the Ninth Circuit held that all Christians, including those who are not Chinese, are a disfavored group. 610 F.3d at 1062. The Petitioners appear to claim that, based on these decisions, the more widespread the threat to a disfavored group, the less individualized the threat of persecution has to be. *See Sael*, 386 F.3d at 925–27.

In light of controlling precedent in this Circuit, the Board did not abuse its discretion in declining to apply *Wakkary* and *Tampubolon*. We have rejected the "disfavored group" approach as applied to Chinese Christians in Indonesia, stating that, concerning *Sael*, we "disagree with the Ninth Circuit's use of a lower standard for individualized fear absent a 'pattern or practice' of persecution." *Lie v. Ashcroft*, 396 F.3d 530, 538 n. 4 (3d Cir.2005). We later declined to revisit that issue. *See Wong v. Att'y Gen.*, 539 F.3d 225, 235 n. 5 (3d Cir.2008). Although *Wakkary* and *Tampubolon* arguably extend and build upon *Sael*, our prior rejection of the "disfa-

vored group" approach is broad enough to encompass these decisions.

██ Finally, although Petitioners argue that the Board abused its discretion by refusing to reopen their case under its sua sponte authority, the Government correctly notes that the Board's decision does not state that it declined to exercise its sua sponte authority. Nevertheless, even if the Board had explicitly declined to sua sponte reopen the proceedings, such a discretionary decision is not reviewable. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Calle–Vujiles v. Ashcroft* 320 F.3d 472, 475 (3d Cir.2003); *but see Cruz v. Att'y Gen.*, 452 F.3d 240, 250 (3d Cir.2006) (explaining that we retain jurisdiction over some issues relating to the denials of *sua sponte* relief, which are not implicated in this case).

For all of these reasons, we will deny the petition for review.