**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1545
_____

SANG GOO PARK,*
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

*(Amended pursuant to the Court's Order entered November 13, 2013)
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-848-626)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2014
Before:  JORDAN, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 21, 2014)
_____

OPINION
_____

PER CURIAM

Sang Goo Park, a citizen of South Korea, petitions for review of a Board of

Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings

sua sponte. For the reasons discussed below, we will dismiss the petition for lack of jurisdiction.

Park entered the United States on a nonimmigrant visa in 1999, with authorization to remain six months. His visa was revoked in June 2000. Park applied to adjust his status in 2003, but the United States Citizenship and Immigration Services denied that application on the basis that Park had submitted fraudulent documents in support of his visa application. Shortly thereafter, Park was charged as removable for overstaying his admission period and for submitting fraudulent documents to obtain a visa. In December 2008, an Immigration Judge ("IJ") sustained the charges of removability. The IJ found, inter alia, that the Government had proved the fraud charge. Park testified that he used a travel agency to prepare his visa application. That application noted that Park had been employed by Daelin Electronics since 1996. But Park testified that he had never worked for that company. Initially, Park stated that he signed the visa application, but, when confronted with the discrepancy, claimed that the signature on the form was not his. The BIA dismissed Park's appeal in August 2009, holding that the IJ "reasonably found that [Park] signed the visa application aware of its contents." Park filed a timely petition for review, which we denied. See Park v. Att'y Gen., 371 F. App'x 343 (3d Cir. 2010) (not precedential).

In August 2012, Park filed a motion to reopen the proceedings sua sponte, alleging that he had recently discovered that his testimony before the IJ had been mistranslated.

2

In particular, he alleged that he testified consistently that he "never filled out or signed the visa application." The BIA denied the motion, stating that "we do not find that [Park's] case presents 'exceptional circumstances' that would warrant the Board's exercise of its discretion to reopen sua sponte." In its decision, the Board noted that because Park had been served with a copy of the hearing transcript in March 2008, he could have raised the mistranslation issue on direct appeal to the Board.[1] Instead of claiming that his testimony was mistranslated, however, Park argued on appeal to the BIA that he had signed a blank visa application for the travel agency, and was unaware that incorrect employer information had been included on the form. Park filed a timely petition for review.[2]

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review final orders of removal, and we ordinarily review the denial of a motion to reopen for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). As the Government argues, however, we lack jurisdiction to review the arguments that Park raises in this case. The BIA may, at any time, exercise its discretion to reopen removal

_____

[1] The BIA also indicated that the motion to reopen was untimely and that Park's allegations did not qualify for any of the exceptions to the time limitation. See 8 C.F.R. § 1003.2(c)(2)-(3). Park does not challenge this determination on appeal. He does, however, claim that the "Board simply did not address at all [his] argument . . . that the mistranslation issue was . . . newly discovered evidence." But Park's reliance on newly discovered evidence of the alleged mistranslation was encompassed within his request for sua sponte reopening, which the BIA did clearly address.

[2] The petition for review was originally filed on behalf of Park's wife and son as well, but we granted the Government's unopposed motion to sever and remand their

3

proceedings sua sponte.  8 C.F.R. § 1003.2(a).  Sua sponte reopening is "an extraordinary remedy reserved for truly exceptional situations."  Matter of G-D-, 22 I. & N. Dec. 1132, 1133-34 (BIA 1999).  Because the regulation governing sua sponte reopening "offers no standard governing the agency's exercise of discretion," we generally lack jurisdiction to review the BIA's denial of a motion to reopen sua sponte.  Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).  But we can review the Board's decision not to exercise its sua sponte authority to reopen proceedings where it relies on an incorrect legal premise. Pllumi, 642 F.3d at 160.

Park argues that the BIA's decision was "based on [an] incorrect legal premise that failure by [Park's] former counsel to raise [the] mistranslation issue in itself, even if that counsel was not fluent in the language in which his client testified in removal proceedings, bars introduction of newly discovered evidence, pursuant to 8 C.F.R. § 1003.2(c)(1)."  This description misinterprets the Board's decision.  The BIA did not hold as a matter of law that evidence of the mistranslation could not be introduced.[3] Rather, the Board merely rejected Park's claim that he could not be expected to recognize the mistranslation until he met with his current attorney, who is fluent in Korean.  Thus,

_____

cases to the Board for administrative closure.

[3] Park claimed that the audio recording of the hearing has been lost, and relied primarily on his sworn statement that "after consultation with my current attorney, . . . I came to realize that there was a mistranslation of my testimony . . . ."  In its order denying reopening, the Board noted that "the part of the testimony that [Park] claim[s] to have been mistranslated is [his] answer of 'Yes' to the question of 'And did you have to sign the forms for the visa?' . . ., rather than long and complicated statements by [him]."

the Board did not "misperceive[] the relevant law" or "misapprehend[] the breadth of its own authority," Pllumi, 642 F.3d at 160, 162, but instead properly exercised its unreviewable discretion to determine that Park did not establish an exceptional situation arranting sua sponte reopening.[4]

Park also contends that the Board's denial of reopening violated his due process rights. In support of this claim, Park asserts that "[w]here there was concern that testimonial inconsistencies were the result of mistranslations or miscommunications, courts have held that the petitioner was denied due process if she was not given an opportunity to explain any alleged inconsistencies in her testimony." We have jurisdiction to review BIA's decision to determine whether it arbitrarily departed from a rule or "settled course of adjudication" in refusing to reopen sua sponte. Calle-Vujiles, 320 F.3d at 475. To the extent that Park is making this type of argument, we must reject it. There is no evidence that the BIA ignored a general policy that it had established, either explicitly or through practice, relating to reopening cases that challenge alleged mistranslations during an immigration hearing. Cf. Cruz v. Att'y Gen., 452 F.3d 240, 249-50 (3d Cir. 2006) (questioning whether the BIA could depart, without explanation, from its practice of reopening when a criminal conviction serving as the basis for a removal order was vacated).

---

[4] For similar reasons, we also reject Park's attempt to identify another "incorrect legal premise that mistranslation of a material issue that resulted in [a] removal order is not procedurally defective or violates due process."

In sum, because the Board neither based its decision on an incorrect legal premise nor departed from an adopted policy, we have no basis for exercising jurisdiction over its determination that exceptional circumstances did not exist to reopen Park's immigration proceedings. Therefore, we will dismiss the petition for review.