**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3620
_____

QIU YING LIN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-998-387)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2012

Before: SMITH, HARDIMAN AND STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 13, 2012)
_____

OPINION
_____

PER CURIAM

Qiu Ying Lin, a citizen of the People's Republic of China, sought admission to the

United States in March 2002 without presenting or possessing valid documents, and was

charged with removability on this basis shortly thereafter.  She conceded the charge and

requested asylum, withholding, and protection under the Convention Against Torture ("CAT") based on her fear of persecution under China's population control policies.

The Immigration Judge ("IJ") denied her applications for relief from removal, holding that Lin had not met her burdens of proof (he also treated the portion of her claim based on alleged past persecution as withdrawn). In April 2006, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision and dismissed Lin's appeal. Lin did not file a petition for review of that decision.

On October 12, 2010, Lin filed a motion to reopen the proceedings with the BIA. She sought reopening based on her membership and participation in the Federation for a Democratic China ("FDC"), a political opposition group against Chinese one-party rule. Lin joined the group six months before filing her motion to reopen. Since joining, she has participated in the group's activities, including rallies, meetings, and distributing flyers. She also has donated money and published articles on the FDC's website. With her motion, she included an affidavit, her articles, pictures of her activities, and other background materials. She also submitted a statement from a lawful permanent resident named Yuan Jun Tang, who stated, "I believe [Lin's] FDC membership has been identified by the Chinese authorities," and "[s]ince 2005, the Chinese government intensifies persecution of dissidents."

The BIA denied Lin's motion, ruling that it was not filed within 90 days of the entry of the final order of removal and that no exception to the ordinary timing rule applied. Specifically, the BIA held that Lin's participation in FDC was a change in her personal circumstances in this country, not a change in the country conditions in China.

The BIA also compared the 2003 State Department Report with the 2009 State Department Report. The BIA acknowledged that the 2009 State Department Report included a statement that China's human rights record had worsened in some areas, but the BIA noted that the report did not specify in what areas it had worsened or whether it had worsened from the previous year. The BIA concluded that treatment of political dissidents, internet essayists, and journalists, remained poor, but had not worsened. The BIA described Yuan Jun Tang's statement regarding country conditions as speculation because it described China in years after Yuan Jun Tang had left the country. The BIA also rejected other evidence that Lin submitted as not demonstrating worsening conditions. The BIA also declined to reopen the proceedings sua sponte.

Lin submits a petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252(a).[1] Review of the BIA's decision to deny the motion to reopen is under a highly deferential abuse of discretion standard. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). The discretionary decision is not disturbed unless it is found to be arbitrary, irrational, or contrary to law. See id.

In this case, we cannot say that the BIA abused its discretion. Most motions to reopen must be filed no later than 90 days after the date of the final administrative decision. See 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). The time limit can be

---

[1] However, to the extent that Lin also challenges the BIA's decision to decline to exercise its discretion to reopen her case sua sponte, we do not have jurisdiction over the matter. See 8 U.S.C. § 1252(a)(2)(B)(ii); Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003); but see Cruz v. Attorney Gen. of the United States, 452 F.3d 240, 250 (3d Cir. 2006) (explaining that we retain jurisdiction over some issues relating to the denials of sua sponte relief, which are not implicated in this case).

3

suspended under certain circumstances, including in some cases of changed country circumstances, where the evidence of changed circumstances "is material and was not available and could not have been discovered or presented at the previous hearing." See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003. 2(c)(3)(ii), Johnson v. Aschcroft, 286 F.3d 696, 704 (3d Cir. 2002).

To the extent that Lin relied on her relatively recent FDC activities as a basis for reopening approximately four years after the entry of her final order of removal, the BIA did not err in rejecting that basis as changed personal circumstances that do not meet the standard. Cf. Ying Liu v. Attorney Gen. of the United States, 555 F.3d 145, 148 (3d Cir. 2009). Also, there does not seem to be anything arbitrary or irrational about discounting the account of Chinese country conditions by a person who has been in this country during the relevant time period. In addition, some of the evidence offered by Lin relates to incidents from years ago, see, e.g., R. 111 (a newspaper article from 1998) & 114 (an article from 2002) or relates to incidents that occurred in China to Chinese nationals who were not returning from abroad, see, e.g., R. 112-13.

The BIA also accurately noted that the 2009 State Department Report included a general statement that the Chinese government's human rights record has worsened in some areas, State Department Report 1, but did not specify which areas. The BIA's conclusion, based on a comparison of the 2009 State Department Report with the 2003 State Department Report, that the treatment of Internet essayists and journalists remains poor, is supported by a comparison of the two State Department Reports. During both time periods, in similar numbers, journalists and Internet writers and essayists (at least

4

those working or writing in China) have been imprisoned.

For these reasons, we cannot say that the BIA abused its discretion in concluding that Lin had not shown changed country conditions and denying Lin's motion to reopen as untimely.[2]  Accordingly, we deny the petition for review.

---

[2] We also agree with the Government that Lin's argument relating to the BIA's failure to consider her CAT claim is irrelevant.  Only if her motion to reopen had been granted would Lin have had the opportunity to again present a CAT claim.