NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2086
_____

SHIQI XUE, a/k/a Xian Dong,
                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-573-425)
Immigration Judge:  Honorable Susan Roy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2013

Before: FUENTES, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: September 20, 2013)
_____

OPINION
_____

PER CURIAM

        Shiqi Xue ("Xue"), a citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA" or "Board") denial of his motion to reopen.  For the

following reasons, we will deny the petition for review.

I.

In 2008, Xue appeared before an Immigration Judge ("IJ") for removal proceedings and sought asylum, withholding of removal, and protection under the Convention Against Torture on the basis of China's family planning policy. The IJ rendered an adverse credibility finding and ordered Xue removed to China. The BIA dismissed Xue's appeal in 2009, and we denied his subsequent petition for review in Xue v. Att'y Gen., 383 F. App'x 200 (3d Cir. June 4, 2010).

Approximately three years later, Xue filed a counseled motion to reopen with the BIA. He stated that he had converted to Catholicism in 2012, and that the Chinese government had increased its persecution of unregistered Christian groups between 2008 and 2011. In denying his motion, the BIA found that Xue's evidence did not establish a change in country conditions. Therefore, the Board determined that Xue lacked a basis for filing his motion to reopen after the 90-day deadline for such motions had passed. The BIA also declined to exercise its sua sponte authority to reopen. Through counsel, Xue filed a timely petition for review.[1]

II.

We have jurisdiction under 8 U.S.C. § 1252. We review denials of motions to reopen under a deferential abuse of discretion standard and will not disturb the decision "unless [it is] found to be arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted). A motion filed more than 90 days after

---

[1] We lack jurisdiction to review the portion of the BIA's decision that denied sua sponte reopening. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

2

the Board's final decision cannot be entertained unless it "is based upon changed country conditions proved by evidence that is material and was not available and could not have been discovered or presented at the previous proceeding." Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011). A renewed asylum application based on changes in personal circumstances filed outside of the 90-day window must be accompanied by a motion to reopen that successfully shows changed country conditions. Liu v. Att'y Gen., 555 F.3d 145, 150 (3d Cir. 2009).

Xue does not dispute that his motion to reopen was filed more than 90 days after the BIA's final decision. Rather, he first asserts that the BIA abused its discretion in denying his motion to reopen by relying on the prior adverse credibility determination. "[M]indful of the adverse credibility finding," the BIA considered a letter from Xue's friend in China detailing his arrest and mistreatment for practicing Catholicism and noted that it was not supported by corroborating evidence. We have previously stated that when adjudicating a motion to reopen, the Board may not rely on a prior adverse credibility determination when the basis for that determination is "utterly unrelated" to a new and different claim. Guo, 386 F.3d at 562 (holding that the BIA improperly relied on adverse credibility determination on a religion-based claim in adjudicating a later family-planning claim). We agree with Xue that Guo applies here and that the BIA abused its discretion by relying on the adverse credibility determination on Xue's family-planning claim to adjudicate his religion-based claim.

Nevertheless, the BIA's error in relying on the prior adverse credibility determination is harmless, as it properly concluded that Xue had failed to demonstrate

3

changed country conditions to warrant reopening.  See Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (applying harmless error on immigration review "when it is highly probable that the error did not affect the outcome of the case").  Xue asserts that the BIA abused its discretion by selectively considering the evidence to find that he failed to establish changed country conditions.  We have stated that the Board is required to consider the evidence of changed country conditions presented by a party, and that it "should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner."  Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)).  However, it need not "parse or refute on the record each individual argument or piece of evidence offered by the petitioner."  Id.  Here, the BIA reviewed, among the evidence that Xue submitted, a letter from a friend of Xue's in China, excerpts from United States Department of State country and International Religious Freedom reports, and China Aid Association reports.  It then compared this evidence to the Department of State's 2007 country report, included in the record from Xue's previous proceedings, to support its finding that Xue's evidence was inadequate to demonstrate the existence of changed country conditions.[2]

To the extent that Xue argues the BIA erred by failing to find the existence of changed country conditions, we find that the Board's determination was reasonable in light of the evidence before it.  The 2009 and 2010 International Religious Freedom

---

[2] We agree with the BIA that Xue's conversion to Christianity constitutes a change in personal circumstances rather than country conditions.  See Liu, 555 F.3d at 150.

4

Reports establish that the practice of Christianity in China is restricted to churches registered with the government, and that leaders and members of unregistered churches have continued to face detention for religious activities. Furthermore, these reports state that "[s]ince 1999, the Secretary of State has designated [China] as a 'Country of Particular Concern' under the International Religious Freedom Act (IRFA) for particularly severe violations of religious freedom." See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004) (country reports described as the "most appropriate" and "perhaps best resource" on country conditions). The letter Xue submitted from his friend detailing his arrest for practicing Catholicism can be viewed as an illustration of the continuous persecution of Christians in China, not as demonstrating a change in country conditions. Based upon the evidence, the BIA plausibly concluded that the mistreatment of Christians in China is a "longstanding and ongoing problem" that has persisted since before Xue's 2008 hearing. See Pllumi, 642 F.3d at 161.

## III.

After reviewing the record, we conclude that the Board's decision to deny Xue's motion to reopen was not arbitrary, irrational, or contrary to law. Accordingly, we will deny the petition for review.

5