**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3828
_____

HENG CAI CHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review from the Board of Immigration Appeals
BIA-1 No. A094-799-621
Immigration Judge: The Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 16, 2015

Before: SMITH, JORDAN, and VAN ANTWERPEN, *Circuit Judges*

(Filed: March 24, 2015)
_____

OPINION*
_____

Smith, *Circuit Judge*.

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On September 1, 2006, the Department of Homeland Security served Heng Cai Chen, a native and citizen of the People's Republic of China, with a Notice to Appear. The notice charged Chen with being removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an inadmissible immigrant who entered the United States without the required entry documents. Chen's subsequent application for asylum, withholding of removal, and relief under the Convention Against Torture was denied. His appeal to the Board of Immigration Appeals (BIA) was unsuccessful, as were two motions to reopen. Chen filed a third motion to reopen after learning that he was the beneficiary of an approved I-130 petition filed by his United States citizen wife. Although Chen recognized that he was ineligible for a waiver of his unauthorized presence in the United States under 8 C.F.R. § 212.7(e)(4)(v) and (vi), he urged the BIA to reopen his proceeding, vacate his final order of removal, and then administratively close his proceeding so he could file an I-601A application for waiver of his inadmissibility. AR 15.

In an order dated August 6, 2014, the BIA denied Chen's third motion to reopen. It pointed out, and Chen does not dispute, that the motion was both number-barred and untimely, and that the motion failed to establish that it satisfied any exception to these filing requirements. *See* 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i) & (ii). The order further stated that Chen failed to demonstrate exceptional circumstances, which would warrant granting the motion *sua sponte*. As authority, the BIA provided a pincite to its own precedent in *In re J-J*, 21 I.&N. Dec. 976, 984 (BIA 1997), which acknowledged that its power to *sua sponte* reopen was limited to exceptional situations and "is not meant to be used . . . to otherwise circumvent the regulations, where enforcing them might result in

2

hardship." In a footnote, the BIA instructed that any request "for an unauthorized presence waiver would have to be pursued before the Department of Homeland Security." Thereafter, Chen filed a timely petition for review.[1]

"Because the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003). In *Pllumi v. Attorney General*, 642 F.3d 155 (3d Cir. 2011), we recognized an exception to the rule set out in *Calle-Vujiles* if the "decision not to reopen *sua sponte* reflects an error of law." *Id.* at 160.

Chen acknowledges that our jurisdiction to review a decision to deny *sua sponte* reopening is limited and recites the above legal principles twice in his opening brief. Appellant's Opening Br. at 5, 6. Yet Chen fails to identify the error of law that would permit our exercise of jurisdiction. *Id.* Our review of the record before us fails to reveal that the BIA's decision was based on a misperception of the applicable law. Accordingly, we lack jurisdiction to review the BIA's *sua sponte* denial of Chen's third motion to reopen. We will dismiss Chen's petition for review.

---

[1] The BIA exercised jurisdiction under 8 C.F.R. § 1003.2. We have jurisdiction under 8 U.S.C. § 1252(a).