**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 16-4177

EUGENE EBENE BILE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
                                        Respondent

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Walter A. Durling
(No. A088-645-774)

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2017

Before: MCKEE, AMBRO, and RESTREPO, Circuit Judges

(Opinion filed:  July 27, 2017)

OPINION*

AMBRO, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Eugene Ebene Bile, a citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal from an Immigration Judge's (IJ) decision to deny his motion to reopen his case *sua sponte*. For the reasons that follow, we dismiss his petition.

I.

Bile entered the United States in 2006 using a fraudulent French passport. In March 2008, he was referred to an IJ as part of the overstay of the Visa Waiver Program. In his application for asylum, Bile alleged persecution in Cameroon on the basis of political opinion. Following a merits hearing in July 2008, the IJ found Bile not credible and denied his application for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ further found Bile's asylum application was frivolous. Bile purportedly waived his right to appeal during the hearing. Nevertheless, he appealed the ruling to the BIA, which dismissed the appeal on account of the appellate waiver.

Bile petitioned our Court for review, and in August 2009 we dismissed his petition because he had failed to exhaust his remedies by not challenging the validity of his appellate waiver. Due to the IJ's misleading description of the frivolous findings, we strongly suggested that Bile file a motion asking the IJ to reopen the case *sua sponte*.

In October 2015—six years after we dismissed his petition—Bile filed a motion to reopen. The IJ denied the motion for "the reasons stated in the [Government's] opposition to the motion." App. 6. Bile appealed and the BIA dismissed it, noting that the motion to reopen was untimely because Bile filed it more than 90 days after entry of

the final order. The BIA also held that Bile failed to demonstrate exceptional circumstances that would warrant a *sua sponte* reopening. While recognizing the potential for error regarding the frivolous finding, the BIA dismissed Bile's appeal because his unexplained six-year delay showed a lack of due diligence.[1]

## II.

The BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision," and "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). While the BIA can reopen a case *sua sponte* in "exceptional situations," *In re J-J-*, 21 I.&N. Dec. 976, 984 (BIA 1997), its decision "whether to invoke its sua sponte authority is committed to its unfettered discretion," *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474 (3d Cir. 2003) (quotation omitted). While "we typically cannot review a BIA decision to deny *sua sponte* reopening," we can exercise jurisdiction "to the limited extent of recognizing when the BIA has relied on an incorrect legal premise." *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011).

We see no legal error here. Bile argues that his due process claims during the IJ proceedings are sufficient to show exceptional circumstances. However, nothing requires the BIA to reopen a case *sua sponte* to address underlying due process issues. *See Calle-Vujiles*, 320 F.3d at 475 (stating that "[n]o language in [§ 1003.2(a)] requires the BIA to reopen a deportation proceeding under any set of particular circumstances. Instead, the

---

[1] The BIA had jurisdiction to hear the motion to reopen under 8 C.F.R. § 1003.1(b). We have jurisdiction to review final orders of the BIA under 8 U.S.C. § 1252.

3

provision merely provides the BIA the discretion to reopen immigration proceedings as it sees fit.") (quotation omitted). Here the BIA recognized and weighed Bile's due process claims. App. 4. ("[E]ven assuming that there were errors surrounding the frivolous finding which may have influenced the applicant's decision to waive appeal, [Bile] did not file his motion with due diligence."). He also failed to explain "why he did not expeditiously act on the Third Circuit advice." *Id.* Even without the delay, the BIA would have been within its legal authority to deny his motion. As already noted, "[t]he [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). Although the underlying IJ proceedings give us pause, our authority is constrained to a limited review of the BIA decision. Because that decision was free of legal error, we dismiss the petition for review for lack of jurisdiction.