**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1231
_____

JAVED IQBAL,
                                        Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,
                                        Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A029-120-853)
Immigration Judge: Leo F. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2018

Before: JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 22, 2018)
_____

OPINION*
_____

PER CURIAM

_____
*This disposition is not an opinion of the full Court and pursuant to I.O.P.5.7 does not constitute binding precedent.

Javed Iqbal ("Iqbal") petitions for review of the Board of Immigration Appeals' decision denying his motion to reopen. For the reasons that follow, we will deny the petition for review.

Iqbal, a native of Pakistan and lawful permanent resident of the United States, pleaded guilty in the United States District Court for the Southern District of New York to providing material support to a Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B(a)(1) and § 2, in connection with having provided technical services and equipment to al-Manar, a Hezbollah-run television station in Beirut. He was sentenced to a term of imprisonment of 69 months. The Department of Homeland Security commenced removal proceedings, charging that Iqbal was removable under 8 U.S.C. § 1227(a)(4)(B), for having engaged in terrorist activity as defined in 8 U.S.C. § 1182(a)(3)(B)(iii). A removal charge based on 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(cc) was then added. Iqbal applied for cancellation of removal under 8 U.S.C. § 1229b(a).

On March 20, 2014, the Immigration Judge found Iqbal removable as charged, and concluded that he was statutorily ineligible for cancellation of removal because he had provided material support to Hezbollah.[1] Iqbal then retained counsel and appealed to the Board of Immigration Appeals, contending that he was denied an opportunity to consult with an attorney and did not understand the removal proceedings. On October 9, 2014,

---

[1] Section § 1229b(c)(4) of title 8 disqualifies from cancellation of removal an alien who is inadmissible under 8 U.S.C. § 1182(a)(3), which in turn bars from admission an alien who provided material support to a terrorist organization, see 8 U.S.C. § 1182(a)(3)(B)(iv)(VI).

the Board affirmed the IJ and denied Iqbal's appeal. He did not petition for review of the Board's October 9, 2014 decision. Iqbal was released from prison on May 21, 2015.

On August 16, 2017, Iqbal filed a counselled motion to reopen with the Board, in order to apply for deferral of removal under the Convention Against Torture.[2] He claimed in the motion that he was attacked during a 2005 visit to Pakistan by armed members of "an extremist Islamic party." He alleged that they were angry with him for doing work for a local political party. He stated that he did not raise the incident during his removal proceedings because it did not occur to him that he could claim asylum based on the action of "thugs." Iqbal further claimed that, after he was released from prison in May, 2015, his cousin who lives in Pakistan informed him that the same local Muslim extremist party learned that he would be returning to Pakistan and threatened to kill him "for his past treachery." In support, Iqbal submitted an affidavit from his cousin, Bashir Ahmed, in which he stated, among other things, that the Muslim extremist party was "connected" to the local police; and a police report concerning the 2005 incident. Iqbal additionally asked the Board to reopen removal proceedings under its sua sponte authority based on his family ties to the United States and his medical problems.

On December 20, 2017, the Board denied the motion to reopen as untimely filed under 8 C.F.R. § 1003.2(c)(2), and further held that no exception to the 90-day time limit applied. The Board noted that, to the extent that Iqbal's motion was premised on events

---

[2] The material support bar prevents an alien from receiving asylum and withholding of removal, see 8 U.S.C. §§ 1158(b)(2)(A)(v), 1182(a)(3)(B)(i)(I), 1231(b)(3)(B)(iv), 8 C.F.R. § 1208.16(d)(2), but does not prevent an alien from qualifying for deferral of removal under the CAT, see 8 C.F.R. § 1208.17(a); Matter of M-H-Z-, 26 I. & N. Dec. 757, 764 n.7 (BIA 2016).

that occurred in 2005, his concerns could have been raised at his March, 2014 removal hearing. The Board rejected Iqbal's assertion that his lack of legal representation prevented him from presenting his CAT claim, because the IJ specifically advised him of his right to apply for CAT protection. In the alternative, the Board concluded that Iqbal's motion failed to demonstrate prima facie eligibility for CAT protection, reasoning that the allegations regarding the 2015 threat were based on secondhand information from unnamed individuals. Moreover, the police report which Iqbal submitted showing that Pakistani police investigated the 2005 attack by the same group, refuted his cousin's assertion that the local police colluded with the extremists. Thus, Iqbal failed to show that he would likely be tortured "by or at the instigation of or with the acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). The Board further determined in its discretion that Iqbal did not show that sua sponte reopening was warranted.

Iqbal has petitioned for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Ordinarily, "a party may file only one motion to reopen . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Id. at § 1003.2(c)(2). The time and number limitations in § 1003.2(c) apply to motions to reopen to seek protection under the CAT, including those based on changed country conditions. Bamaca-Cifuentes v. Att'y Gen. of U.S., 870 F.3d 108, 111 (3d Cir.

4

2017). The Board may deny a timely motion to reopen if the alien has not established a prima facie case for the relief sought; the alien has not introduced previously unavailable, material evidence; or in the case of discretionary relief, even if these requirements are met, the alien would not be entitled to a favorable exercise of discretion. Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 104-05 (1988). We treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992). See also Shardar v. Att'y Gen. of U.S., 503 F.3d 308, 313 (3d Cir. 2007) (when Board denies motion to reopen on ground that applicant has failed to make prima facie showing, Court's review is to ensure that decision is supported by substantial evidence and is not an abuse of discretion) (citing Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002)).

Iqbal's motion to reopen was filed well beyond the 90-day deadline and the Board thus properly denied it on that basis. The 90-day deadline does not apply where the alien applies for CAT protection "based on changed circumstances arising . . . in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003(c)(3)(ii). The Board correctly concluded that Iqbal's allegation that he was attacked in 2005 during a trip to Pakistan could have been presented at his 2014 removal hearing. Iqbal's brief focuses on the alleged 2015 threat, Petitioner's Informal Brief, at 2-3, but the alleged 2015 threat is insufficient to show worsening country condition that would excuse Iqbal's untimely motion to reopen. See 8 C.F.R. § 1003.2(c)(3)(ii).

5

In any event, regarding the alleged 2015 threat, no record evidence compels reversal of the Board's determination that Iqbal failed to demonstrate prima facie eligibility for CAT protection. An applicant seeking CAT protection bears the burden of establishing that he would "more likely than not" be targeted for torture, "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.17(a), 1208.18(a)(1). The allegations regarding the 2015 threat against Iqbal were too attenuated to demonstrate prima facie eligibility for relief, and, as the Board noted, Iqbal's own evidence in the form of a police report refutes the allegation that the extremist group is allied with the local police.

Last, although the Board has the authority to reopen proceedings sua sponte, 8 C.F.R. § 1003.23(a), its decision not to exercise its discretion is unreviewable, except in certain limited circumstances not present here. See Sang Goo Park v. Att'y Gen. of U.S., 846 F.3d 645, 650-51 (3d Cir. 2017); Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

For the foregoing reasons, we will deny the petition for review.