**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3219

_____

MOHAMED HASSAN SHEIKH IBRAHIM,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent.
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-377-286)
Immigration Judge: Walter A. Durling
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2019

Before: SHWARTZ, KRAUSE, and FUENTES, *Circuit Judges*

(Opinion filed: July 16, 2019)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Petitioner Mohamed Hassan Sheikh Ibrahim seeks review of an order of the Board of Immigration Appeals denying his motion to reopen removal proceedings *sua sponte*. Before this Court, Petitioner argues that the Board erred by not reopening and terminating his proceedings for lack of jurisdiction in light of the Supreme Court's decision in *Pereira v. Sessions*.[1] Petitioner also argues that the Board erred in not addressing his alternative claim that his motion to reopen should be treated as a motion to reconsider because his motion warranted equitable tolling of the time limitation.

For the reasons that follow, we will deny the petition for review.

## I.

Petitioner is a native and citizen of Somalia. In 1990, he was admitted to the United States as a non-immigrant. Petitioner was granted asylum in 1995, and adjusted his status from asylee to lawful permanent resident in 1996.

### A. Proceedings before the Immigration Court

In September 2011, the Department of Homeland Security commenced removal proceedings against Petitioner. On September 15, Petitioner was served in person with a Notice to Appear, charging him as removable on three grounds: (1) for having been convicted of two crimes of moral turpitude not arising out of a single criminal scheme;[2] (2) for having falsely represented himself as a United Stated citizen;[3] and (3) for having

---

[1] 138 S. Ct. 2105 (2018).
[2] *See* 8 U.S.C. § 1227(a)(2)(A)(ii).
[3] *See id.* § 1227(a)(3)(D)(i).

2

been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(R).[4] The

Notice ordered Petitioner to appear before an Immigration Judge in York, Pennsylvania,

but did not specify the date and time of Petitioner's initial removal hearing.

Nearly two weeks later, Petitioner received a Notice of Hearing from the

Immigration Court. The Notice scheduled his hearing for October 12, 2011 at 8:30 A.M.

Thereafter, Petitioner received a second Notice of Hearing rescheduling his hearing for

October 17, 2011 at 1:00 P.M. Pursuant to that Notice, Petitioner appeared before the

Immigration Judge on that date. After holding a hearing, the Immigration Judge issued an

oral decision ordering Petitioner removed from the United States to Somalia. Petitioner

waived his right to appeal to the Board.

Over four and a half years later, in July 2016, Petitioner filed a motion to reopen

removal proceedings before the Immigration Judge. The Immigration Judge issued a

written decision denying the motion.

## B. Proceedings before the Board of Immigration Appeals

Petitioner appealed the Immigration Judge's decision to the Board. Before the

Board, in addition to arguing that reopening was warranted, Petitioner also presented a

motion to remand. In February 2017, the Board dismissed Petitioner's appeal and denied

the motion. Petitioner then filed a petition for review, which we denied in September

2017.[5]

---

[4] *See id.* § 1227(a)(2)(A)(iii).
[5] *See Ibrahim v. Att'y Gen.*, 708 F. App'x 740 (3d Cir. 2017).

3

Thereafter, in July 2018, before the Board, Petitioner filed an untimely and number-barred motion to reopen and terminate removal proceedings.[6] Petitioner requested that the Board reopen the removal proceedings *sua sponte*,[7] and terminate the proceedings for lack of jurisdiction in light of the Supreme Court's decision in *Pereira*.[8] In the alternative, Petitioner requested that the Board treat his motion as a motion to reconsider the Board's February 2017 decision. According to Petitioner, although his motion to reconsider would be considered untimely,[9] equitable tolling of the 30-day time limitation was warranted. The Board declined to exercise its *sua sponte* authority to reopen and denied the motion.

Petitioner then filed the instant petition for review.

## II.

Petitioner seeks review of the Board's denial of his motion to reopen *sua sponte*. Given the Board's "unfettered discretion to decline to *sua sponte* reopen" removal proceedings, we generally lack jurisdiction to review such a decision.[10] We may, however, "exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise."[11] Here, Petitioner asserts that the Board relied on an incorrect legal premise in denying his motion to reopen *sua sponte*. Petitioner's brief, in essence, argues that the Board relied on a misinterpretation of *Pereira* in concluding that

---

[6] *See* 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).
[7] *See* 8 C.F.R. § 1003.2(a).
[8] 138 S. Ct. 2105.
[9] *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2).
[10] *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003).
[11] *Pllumi v. Att'y Gen.*, 642 F.3d 155, 159-60 (3d Cir. 2011).

*sua sponte* reopening was not warranted. We have jurisdiction to consider this argument, but, for the following reasons, we disagree and conclude that the Board's decision to deny *sua sponte* reopening was not based on legal error.

Petitioner maintains that *Pereira* stands for the proposition that a notice to appear that fails to specify the time and place of an initial removal hearing deprives an immigration judge of jurisdiction over the removal proceedings. Therefore, according to Petitioner, under *Pereira*, the Immigration Judge lacked jurisdiction because Petitioner received a Notice to Appear that did not include the time and date of his removal hearing. We disagree. Petitioner's reliance on *Pereira* is misplaced.

In the context of cancellation of removal, the Supreme Court in *Pereira* held that a notice to appear that fails to specify the time and place of removal proceedings "is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule."[12]

As we explained in *Nkomo v. Attorney General*, unlike the stop-time rule, which is explicitly tied to the list of elements in 8 U.S.C. § 1229(a),[13] the jurisdiction-vesting regulation of 8 C.F.R. § 1003.14(a) does not cross-reference that Section.[14] Rather, it states, in relevant part: "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the

---

[12] 138 S. Ct. at 2110-14 (quoting 8 U.S.C. § 1229b(d)(1)(A)).
[13] *See* 8 U.S.C. § 1229b(d)(1)(A) (stating, in relevant part, "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title").
[14] *Nkomo v. Att'y Gen.*, No. 18-3109, 2019 WL 3048577, at *3 (3d Cir. July 12, 2019).

5

Service."[15] A "charging document," in turn, is defined, in relevant part, as "the written instrument which initiates a proceeding before an Immigration Judge . . . . includ[ing] a Notice to Appear[.]"[16] Therefore, "[a] critical piece of *Pereira*'s reasoning" is not present here because the jurisdictional regulations do not require that a qualifying charging document be a notice to appear with a specific hearing date and time.[17] Moreover, *Pereira* has a narrow holding which "did not purport to resolve issues beyond the § 1229b(d)(1)(A) stop-time rule context."[18]

Accordingly, the Board correctly concluded that *Pereira*'s interpretation of "notice to appear" does not implicate the Immigration Judge's authority to adjudicate and Petitioner was not entitled to equitable tolling based on his claim that *Pereira* constituted extraordinary circumstances.

### III.

For the reasons stated, we will deny the petition for review.

---

[15] 8 C.F.R. § 1003.14(a).
[16] *Id.* § 1003.13.
[17] *Nkomo*, 2019 WL 3048577, at *3.
[18] *Id.*