**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3328
_____

ANA CECILIA DOMINGUEZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A094-760-527)
Immigration Judge:  Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 20, 2021
_____

Before:  CHAGARES, HARDIMAN, and MATEY, <u>Circuit</u> <u>Judges</u>.

(Filed: September 29, 2021)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Ana Cecilia Dominguez petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings so that she could apply for cancellation of removal. For the following reasons, we will deny the petition.

I.

We write for the parties and so recount only the facts necessary to our decision. Dominguez is a native and citizen of El Salvador who entered the United States in 2000 and overstayed her visa. She now lives in New Jersey with two adult daughters and an eleven-year-old son who is a United States citizen. In 2008, the Department of Homeland Security issued a notice to appear ("NTA") that placed Dominguez in removal proceedings. Though Dominguez did not realize it at the time, that NTA was defective because it lacked a date and time for her hearing. She conceded removability and applied for Temporary Protected Status ("TPS"), which an immigration judge denied in 2009 based on her failure to establish that she was continuously present in the United States for the required period of time. Dominguez appealed to the BIA, which affirmed the denial of relief.

Dominguez moved to reopen her removal proceedings on three separate occasions between 2014 and 2018, but the BIA denied her motions each time. In her first motion to reopen, Dominguez again sought TPS status. In her second, she claimed prior counsel was ineffective for failing to apply for asylum based on the murder of her brother and daughter by gang members in El Salvador. In her third motion, filed in May 2018,

Dominguez argued that changed conditions in El Salvador warranted reopening her removal proceedings so that she could apply for asylum.

Dominguez filed a fourth motion to reopen in April 2020, this time to apply for cancellation of removal. She asserted that the NTA placing her in removal proceedings was defective pursuant to the Supreme Court's decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018), and this Court's decision in Guadalupe v. Attorney General, 951 F.3d 161 (3d Cir. 2020). Dominguez contended that she had now resided in the United States for long enough to apply successfully for cancellation of removal, as only service of a complete NTA stops the accrual of time counted towards a noncitizen's period of residency in the United States under the "stop-time" rule of 8 U.S.C. § 1229b(d)(1)(A). According to Dominguez, this Court's decision in Guadalupe effected a change in law justifying her motion to reopen. The BIA denied the motion as untimely, reasoning that the 2018 Pereira decision caused the relevant change in law. The BIA held that Dominguez failed to show why she could not have presented similar arguments within 90 days of that decision, as her third motion to reopen was still pending when the Supreme Court decided Pereira. The BIA also noted that Dominguez failed to submit an application for cancellation of removal and supporting evidence, so she had not established a prima facie case for relief. Dominguez timely petitioned for review.

## II.

The BIA had jurisdiction under 8 C.F.R. § 1003.2, and we have jurisdiction to review its order under 8 U.S.C. § 1252(a)(1). "We review the denial of a motion to reopen for abuse of discretion and will not disturb the BIA's decision unless

3

it is . . . arbitrary, irrational, or contrary to law." Liem v. Att'y Gen., 921 F.3d 388, 395 (3d Cir. 2019) (quotation marks omitted).[1]

## III.

Motions to reopen removal proceedings are subject to multiple procedural requirements and limitations. A petitioner is typically limited to one motion to reopen, and that motion must usually be filed within ninety days of the date of entry of a final order of removal. See 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). The motion must also "state the new facts that will be proven at a hearing to be held if the motion is granted" and "be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); see also 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."). The BIA does not abuse its discretion by denying a motion to reopen if the petitioner has not established a prima facie case for relief, which requires that the evidence reveal a "reasonable likelihood" that the petitioner can satisfy the statutory and regulatory requirements for the underlying relief sought. Sevoian v. Ashcroft, 290 F.3d 166, 173–74 (3d Cir. 2002). Dominguez seeks cancellation of removal, which she may be eligible for if she "(A) has been physically present in the United States for a continuous period of not less than 10

---

[1] Dominguez does not appear to challenge the BIA's decision not to reopen her removal proceedings sua sponte. Regardless, we lack jurisdiction to review that exercise of discretion under the circumstances presented here. See Alzaarir v. Att'y Gen., 639 F.3d 86, 89 n.2. (3d Cir. 2011) (citing Calle–Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003)).

years immediately preceding the date of [her] application; (B) has been a person of good moral character during such period; (C) has not been convicted of [certain specified offenses]; and (D) establishes that removal would result in exceptional and extremely unusual hardship" to her United States citizen son. 8 U.S.C. § 1229b(b)(1).

The parties primarily dispute whether Dominguez is barred from moving to reopen her proceedings because this is now her fourth motion to reopen. While Dominguez's motion appears to be time- and number-barred, those limits may be subject to equitable tolling so long as Dominguez exercised due diligence in filing her motion. See Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011). The parties agree that a change in law may justify equitable tolling, but they differ on whether the relevant change of law happened when the Supreme Court decided Pereira or when we decided Guadalupe. The Government argues that the relevant benchmark is Pereira, as the Supreme Court recognized in that case that a defective NTA does not trigger the stop-time rule for cancellation of removal purposes. See 138 S. Ct. at 2110. If the Government is correct, then Dominguez did not demonstrate due diligence because she took two years to file her motion to reopen. Dominguez argues that the proper benchmark is Guadalupe, in which we recognized that Pereira abrogated a prior decision where we held that a defective NTA could be cured by a subsequent notice of hearing and thus trigger the stop-time rule (as happened in her proceedings). See 951 F.3d at 162, 165–66. If Dominguez is correct, then her filing of a motion to reopen within ninety days of the Guadalupe decision might demonstrate the due diligence necessary to justify equitable tolling.

We need not resolve this dispute.  As the BIA correctly observed, Dominguez's motion to reopen did not include the required application for cancellation of removal or supporting documentation.  See 8 C.F.R. § 1003.2(c)(1).  And while Dominguez argues that she can "now explain . . . how the murder of her brother and daughter would cause exceptional and extremely unusual hardship to her qualifying relative," Dominguez Br. 13, she did not actually provide that explanation to either the BIA or this Court.  That falls short of the statutory requirement that a motion to reopen "state the new facts that will be proven at a hearing to be held if the motion is granted."  8 U.S.C. § 1229a(c)(7)(B).  The failure to state these facts and provide supporting evidence also prevents us from assessing whether there is a reasonable likelihood that Dominguez's application for cancellation of removal would be granted.  See Sevoian, 290 F.3d at 173–74.  We do not address whether Dominguez's removal might result in "exceptional and extremely unusual hardship" to her son, 8 U.S.C. § 1229b(b)(1)(D), because Dominguez has not provided an adequate factual basis to support that conclusion.  Because Dominguez has not established prima facie entitlement to relief, we conclude that the BIA did not abuse its discretion by denying her motion to reopen.

IV.

For the foregoing reasons, we will deny the petition for review.